Brewster v. Aldrich et al.

DENISON D. BREWSTER *vs.* HENRY L. ALDRICH ET AL.

70   51
72   173
72   589
70   51
75   716

Second Judicial District, Norwich, October Term, 1897. ANDREWS, C. J.,
TORRANCE, BALDWIN, HAMERSLEY AND HALL, Js.

It is the duty of the trial court to see that a complaint which contains the common counts only, is amended before the cause is heard, by striking out all of the counts to which the plaintiff's bill of particulars does not relate.

In an action upon the common count for work and labor, the plaintiff's bill of particulars alleged that the work was done at an agreed price, the amount of which was stated. *Held* that the plaintiff might prove and recover the reasonable value of his work and labor, notwithstanding such allegation of a specific contract price.

[Argued October 19th—decided November 30th, 1897.]

ACTION to recover for work and labor, brought to the Court of Common Pleas in New London County and tried to the court, *Noyes, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendants for alleged errors in the rulings of the court. *No error.*

The bill of particulars filed by the plaintiff, was as follows :

H. L. Aldrich & Son.

| 1889. | | To D. D. Brewster, | | | | | | Dr. |
|---|---|---|---|---|---|---|---|---|
| To kalsomining rooms in mill at agreed price | | | | | | | | $400.00 |
| Aug. 19 | To work of 6 men 1 day each, painting | | | | | | | 15.00 |
| "  20 | "  "  "  " | | | | . | . | . | 15.00 |
| "  21 | "  "  "  " | | | . | . | . | . | 15.00 |
| "  22 | "  "  4  " | | | . | . | . | . | 10.00 |
| Sept. 6 | "  "  3  " | | | . | . | . | . | 7.50 |
| "  7 | "  "  3  " | | | . | . | . | . | 7.50 |
| "  9 | "  "  3  " | | | . | . | . | . | 7.50 |
| "  10 | "  "  3  1/2 | | | . | . | . | . | 3.75 |
| | | | | | | | | $481.25 |

The finding stated the following facts: "1. The plaintiff
brought his action upon the 'common counts' with bill of par-
ticulars, the defendants filed their answer, and the plaintiffs
replied—all as on file. 2. At the commencement of the trial the
plaintiff, by leave of the court, amended his complaint by strik-
ing out all the counts except the one now remaining. 3. In
July, 1889, the plaintiff, who is a painter, agreed with the de-
fendants, who are the owners of a cotton mill in Moosup, Con-
necticut, to do the labor of kalsomining and painting the in-
terior of said mill, one coat, for $400, and to do a good job,
one coat work. It was agreed that the work should be done
while the mill was in operation, and the plaintiff examined,
and had full opportunity to examine, the premises before
making the agreement. 4. The work contemplated under
said contract is stated in the bill of particulars, which also
includes one day's extra work painting, which was performed
at the request of the defendants and which was worth $2.50.
The other items of painting stated in the bill of particulars
were contemplated and performed under said contract, and
were not allowed as extra work. 5. The plaintiff did a good
job, one coat work, considering the nature of the work re-
quired and the circumstances under which it was required to
be done, and executed his part of the agreement before the
commencement of this action. 6. It was agreed upon the
trial that the items in the plea of set-off should be treated as

payments, if the plaintiff was entitled to recover. 7. There is due the plaintiff from the defendants, after deducting such payments from the contract price, a balance of $177.54; for which amount, with $2.50 for said extra work, and interest, judgment was rendered as on file. Upon the trial the defendants claimed and asked the court to rule: (1) That the plaintiff could not recover on said contract, because the plaintiff had not proved the contract referred to in the first item of his bill of particulars. (2) That the plaintiff could not recover on said contract upon the count set forth in his complaint. The court did not so rule, but rendered judgment as on file."

The defendants appealed and filed two reasons of appeal: the first, that the court erred in not sustaining their first claim; and second, that the court erred in not sustaining their second claim.

*Solomon Lucas*, for the appellants (defendants).

*Frank T. Brown*, for the appellee (plaintiff).

ANDREWS, C. J. The bill of particulars was applicable only to the count for work and labor. It was the duty of the plaintiff to file his bill of particulars and to strike out the other counts, before the defendant could be called upon to plead, and of the trial court to see that this was done, before hearing the cause. *New York Breweries Corporation, Limited,* v. *Baker*, 68 Conn. 337, 342.

Under the first assignment no error appears. The finding of facts shows that the plaintiff had proved the contract referred to in the first item of his bill of particulars.

Nor does any error appear under the second assignment. The plaintiff might lawfully recover on the contract, unless the count was insufficient in substance, or unless there was a material variance. Nothing appears in the finding or in the record to show either. An immaterial variance could have no effect. The most that can be claimed is that the contract alleged was for an agreed price, and that the plaintiff did not

prove the price so alleged to have been agreed upon; and the court rendered judgment for the reasonable value of the work and labor performed. This was not error. Rules of Practice, II, § 3, p. 12.

There is no error.


In this opinion the other judges concurred.