## NATHAN SHMILOVITZ *vs.* NATHAN BARES.

First Judicial District, Hartford, May Term, 1903.

TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

Even if a complaint can be construed to allege that a portion of the services for which a recovery is sought were to be paid for at an agreed price and the other services at what they were reasonably worth, the plaintiff is not precluded, upon the ground of variance, from recovering the reasonable worth or value of all the services, provided the proof supports such a recovery.

The plaintiff offered evidence to prove how long a time it took him to perform all the services, and that he could not have done the work in less time. *Held* that in connection with other testimony this evidence was properly received in support of the allegations of the complaint.

A receipt purporting to be in full of all accounts to date is not conclusive evidence of that fact, if it is satisfactorily shown that the receipt was given through ignorance or mistake, or under circumstances which prove that it does not speak the truth.

Argued May 5th—decided July 24th, 1903.

ACTION for work and labor in constructing a wooden building, brought by appeal from a justice of the peace to the Court of Common Pleas in Hartford County and tried to the jury before *Coats, J.;* verdict and judgment for the plaintiff, and appeal by the defendant. *No error.*

*Joseph P. Tuttle,* for the appellant (defendant).

*Sidney E. Clarke,* for the appellee (plaintiff).

HAMERSLEY, J. This is an action to recover the value of services rendered by the plaintiff to the defendant at his request. The dealings between the parties were conducted orally, and no written agreement or contract of any kind was made.

The circumstances of the employment are stated in the first and second paragraphs of the complaint, as follows:

" On or about February 15th, 1902, the defendant employed the plaintiff to build a one-story wood building in said Hartford, thirty feet by sixteen feet on the ground, to be ten feet high, with one floor and one door, and to build a fence, the defendant agreeing to furnish all of the materials therefor, and the plaintiff agreeing to do said work for the sum of forty-five dollars. At the time of the beginning of said work the defendant altered the size of said building, making the same eighteen feet high, with two floors, four doors, and three extra windows, together with a wood partition in the same for an office, and agreed at the time to pay the plaintiff any additional sum that said extra work should amount to, and employed the plaintiff to do the same." The remainder of the complaint alleges that the plaintiff completed his work; that the services were worth $145, and that the defendant has paid $45 on account; and claims $100 damages.

The answer admits that the defendant employed the plaintiff to do the work for a one-story wood building and a fence, for $45; denies the employment as stated by the plaintiff, the completion of the work, the value of the services, and the payment on account; and alleges that the defendant paid the plaintiff the sum of $45 in full payment for all services rendered.

The plaintiff's reply admits the payment of $45, but denies that it was for all services rendered.

The verdict of the jury finds the issues thus framed for the plaintiff; that is, it finds that the defendant employed the plaintiff to do the work for a two-story wood building; that the plaintiff did the work; that the defendant paid him $45 on account and not for all services rendered; and that the services unpaid were worth $100.

The defendant claims that the complaint should be construed as alleging that some of the services were rendered for an agreed price, and a part only for their reasonable value; and his real grievance seems to be—although it is not properly presented by the record—that the jury found that all the services were rendered for a reasonable value, and so found a fact not alleged; or ascertained the value of the

services not rendered for an agreed price, by first ascertaining the reasonable value of all the services, and deducting from this the amount of the agreed price, and so deprived the defendant of the advantage he had secured for himself in making an agreement as to price.

Even if this construction of the complaint could be held correct, yet if upon the trial the proof was that all the services were rendered for a reasonable value and not for an agreed price, the plaintiff was not precluded, on the ground of variance, from recovering that value. Rules of Court, Ed. of 1899, p. 42, § 131; *Brewster* v. *Aldrich*, 70 Conn. 51.

If the jury found that a part of the services were rendered for an agreed price and a part for their reasonable value, there is nothing in the record to show that the court did not correctly instruct the jury as to the rule of ascertaining such reasonable value, or that the jury applied an illegal rule in reaching their verdict. There is nothing in the record to support the assignment of an error of this kind, and it does not appear, as implied in the reasons of appeal, that the trial court did rule that "the measure of damages for extra work on a builder's contract was the difference between the whole value of the work and the amount of the original contract."

The trial court did not err in admitting, as tending—in connection with other evidence—to support the allegations of the complaint, testimony as to how long a time the plaintiff worked upon the two-story house, and testimony that he could not have done the work in a less time.

The only other error assigned and claimed in argument relates to a passage in the charge of the court to the jury. The defendant having introduced in evidence three receipts, each for $15, the last of which reads as follows:—

"March 8, 1902.

"Received of N. Bares fifteen dollars For Rent of     in full of act to Date for     Month ending 190 .

"$             N. SHMILOVITZ "—

and defendant's counsel upon argument having claimed that

said receipt was binding on the plaintiff as a receipt in full, the court charged the jury upon the receipt as follows: " Now, I ought to speak to you with reference to the effect of this receipt which has been produced. A receipt is not a contract; it is simply an acknowledgment by the party who signs the receipt in accordance with the contents and purport of the receipt which he has signed. And if that acknowledgment is shown in a satisfactory way to have been in error—either the receipt having been given through ignorance, through mistake, through any circumstance according to which the receipt does not speak the truth in any respect—then the parties are at liberty to go behind the receipt and show facts as they actually exist, in spite of the receipt."

The court practically tells the jury that the paper produced is evidence that the defendant paid $15, and that this payment was received by the plaintiff in full payment of all that was due on an account between them at the date of payment, and is conclusive evidence of these facts unless it is satisfactorily shown that the receipt was given through ignorance, or mistake, or under circumstances which prove that it does not speak the truth in any respect. It is to be noted that the defendant's answer does not allege the execution of a release, or of a receipt in full, as a defense or bar to the action, and that no claim of this kind appears to have been made until argument; that the main issue framed by the pleadings is the question of whether the admitted payment of $45, including the $15 mentioned in the receipt, paid for all the services rendered, or only for a part of them; and that the paper produced in evidence bears on its face suggestions of mistake and uncertain meaning. The defendant, certainly, has no reason to complain of the language used by the court in commenting on this evidence.

There is no error in the judgment of the Court of Common Pleas.

In this opinion the other judges concurred.