NATHAN M. CHURCH *vs.* EDWARD SPICER.

Second Judicial District, Norwich, April Term, 1912.
PRENTICE, THAYER, RORABACK, WHEELER and HOLCOMB, Js.

In an action to recover damages for personal injuries, a request to charge that if the jury find that the plaintiff was walking along the highway in the exercise of ordinary care and that a team traveling in the same direction drove against him and knocked him down, he is entitled to recover, is properly refused, as it ignores the question of whether or not the defendant was negligent.

One of the defenses being that a small sum ($25) had been paid by the defendant to the plaintiff in settlement of the cause of action, a request to charge to the effect that the inadequacy of the consideration paid is a proper matter for the consideration of the jury, is properly refused, the amount paid being of no consequence, as the demand was wholly unliquidated.

Under such circumstances a charge that any sum or any article of value given and received in satisfaction of the injury would be a consideration for a receipt and make it binding upon the party receiving it, is proper.

No fraud in connection with the receipt being either alleged or shown, a request to charge predicated upon proof of fraud is properly refused.

Fraud must be specially pleaded.

There being no allegation or claim made upon the trial that there was fraud, imposition, undue influence, or any mutual mistake as to the meaning and effect of a receipt in full given on payment of the consideration, the plaintiff cannot justly claim that the receipt was not binding upon him.

The question whether or not a pedestrian should look back and see whether he is in danger of being run down by teams is one of fact for the jury.

Argued May 3d—decided July 19th, 1912.

ACTION to recover damages for personal injuries received through collision with the defendant's horse and wagon, which was being driven by the latter's servant, and alleged to have been caused by his negligence, brought to the Superior Court in New London County and tried to the jury before *Reed, J.;* verdict and judg-

ment for the defendant, and appeal by the plaintiff. *No error.*

*Charles W. Comstock* and *Lee R. Robbins,* for the appellant (plaintiff).

*Hadlai A. Hull,* with whom was *Charles Hadlai Hull,* for the appellee (defendant).

RORABACK, J. On December 22d, 1903, the plaintiff was walking on the west side of the highway leading past the property of the Eastern Ship Building Company, in the town of Groton. At this point there was a down-grade in the highway in the direction in which the plaintiff was walking. The defendant and his servants at this time were operating six omnibusses transporting passengers all of which were going in the same direction as the plaintiff. The plaintiff claimed and offered evidence to show that he did not hear the approach of the defendant's team which knocked him down when he was on the left-hand side of the highway although there was ample room and opportunity to pass without interfering with him.

The defendant claimed and offered evidence to prove that at the time the accident occurred his teams were all on the right-hand side of the highway, to avoid a large number of men who were coming into and passing along the other side of the street, and that when the plaintiff was within about six feet of the rear team he attempted to cross the street so abruptly that it was impossible to slacken the speed of the team and avoid striking him.

The defendant, in the second paragraph of his answer, averred that " on December 23d, 1903, after the occurrences alleged in the plaintiff's complaint and before this action was commenced, the defendant paid and delivered to plaintiff and the plaintiff accepted and received from the defendant the sum of twenty-five

dollars in full satisfaction of the damages mentioned in the plaintiff's complaint and of all damages sustained by the plaintiff in consequence of the injuries received by him as set out in his complaint."

The following reply was filed: "1st. The plaintiff denies the truth of the matters contained in paragraph 2 of the defendant's answer. 2d. The plaintiff admits that on the 23d day of February, 1903, he received from the defendant the sum of twenty-five (25) dollars which was given to the plaintiff by the defendant to aid in defraying the expenses resulting from the injuries described in the plaintiff's complaint, and that the defendant never offered or did the plaintiff receive the same in full satisfaction of the damages mentioned in the plaintiff's complaint, as stated in paragraph 2 of the defendant's answer."

To this a rejoinder was filed, denying the truth of the allegations contained in the second paragraph of the plaintiff's reply.

The defendant offered evidence to show that the day after the accident he agreed with the plaintiff to pay him the sum of $25 in full discharge of any claim that the plaintiff might have against him, and also to pay the plaintiff's bill at the hospital; that the defendant, in pursuance of this agreement, paid the plaintiff $25 in full settlement of any claim which the plaintiff might have because of his injuries; that the plaintiff, to consummate this arrangement, executed and delivered to the defendant a receipt in full satisfaction of his claim for damages which he had sustained in consequence of the accident. The defendant afterward paid the plaintiff's bill in full at the hospital.

The plaintiff admitted that he signed the receipt for $25, but stated that he did not hear the paper read, that he did not know or understand its contents, or that the paper which he signed was a receipt in full.

The assignments of error question the refusal of the court to charge as requested, and the charge of the court as given.

The court was asked to instruct the jury that "all persons have a right to walk in the public highway, and are entitled to the exercise of reasonable care on the part of the persons driving teams along the highway, and if the jury find that the plaintiff was walking along the highway in the exercise of ordinary care, and that a team traveling in the same direction drives against him and knocks him down, the plaintiff is entitled to recovery." The court did not so charge.

This request was properly refused. It ignored one of the essential questions in the case, namely, the negligence of the defendant. This was a question of fact which under suitable instructions was for the jury to determine. It is obvious that the court could not properly have decided that the circumstances were such as to warrant the court in holding that there was a want of due care on the part of the defendant without encroaching on the rights of the jury.

One of the requests to charge was to the effect that the inadequacy of the consideration paid by the defendant in settlement of the plaintiff's claim for damages was a proper matter for the consideration of the jury. The court might well have been excused from paying any attention to this request, since the claim which it was intended to convey was immaterial. The amount paid by the defendant was of no consequence if the demand for damages was wholly unliquidated. See *Allen* v. *Ruland*, 79 Conn. 405, 412, 65 Atl. 138. The court gave sufficient instructions upon this point when it said: "Any sum given by the defendant and received by the plaintiff, or any article of value given and received, in full satisfaction of the injury, would be a consideration for the receipt, and would be bind-

ing upon the party receiving it under those circumstances."

Another request sought from the court was that "if the jury find that the receipt in full was signed by the plaintiff, and that he was induced by the fraud of the defendant to sign and execute the same, or that the plaintiff signed the same by mistake and believed it was a receipt for twenty-five dollars only, the receipt is not binding on the plaintiff and would not be binding upon him in this action."

There is nothing, either in the pleadings or the statement of what the defendant claimed to have been proven, which suggests that the plaintiff was induced by fraud to sign and execute the receipt in question. Fraud should be specially pleaded.    Practice Book (1908) p. 250, § 160.

The plaintiff did not allege in his reply to the defendant's answer, or claim to have proven, that any fraud, imposition, or undue advantage was taken of him by the defendant in the making and executing of the receipt, which he admits that he signed.    The special finding of facts made for the purpose of the appeal does not disclose that any claim was made that there had been a mutual mistake between the parties as to the meaning and effect of this receipt.    Under such circumstances the plaintiff could not justly claim that the receipt would not be binding upon him.    *McCusker* v. *Spicer*, 72 Conn. 628, 633, 45 Atl. 1011; *Allen* v. *Ruland*, 79 Conn. 405, 412, 413, 65 Atl. 138.

The court was asked to charge that "one is not obliged, as a matter of law, under ordinary circumstances, to look back to see whether he is in danger of being run into by teams going in the direction he is traveling, and such traveler has a right to assume that the driver of such teams will exercise due care to avoid an injury to such traveler."    The court properly complied

with this request when it said, in substance: Of course, one is not obliged, as a matter of law, under ordinary circumstances, to look back and see whether he is in danger of being run into by teams going in the same direction that he is traveling; but it is for you to consider whether, as a matter of fact, under the circumstances of this case, a man in his senses ought not to look back and see whether he is about to be run into by a team traveling in the same direction on the highway. This is not a question of law; it is a question of fact for you to decide.

The remaining assignments of error do not require attention, as they relate to the question of contributory negligence, which has already been considered in the discussion of the first assignment of error.

There is no error.

In this opinion the other judges concurred.