ANTHONY NICEWICZ *vs.* MARY MALON NICEWICZ.

First Judicial District, Hartford, January Term, 1926.

WHEELER, C. J., CURTIS, KEELER, MALTBIE and HAINES, Js.

It is within the discretion of the trial court to point out to the jury, where such is the fact, that a determination of the issues turns largely upon ascertaining which of the parties is telling the truth.

In commenting upon the plaintiff's testimony that a receipt for a mortgage payment, offered in evidence by the defendant, had been signed by him two months before the payment was due on the strength of the defendant's promise, never fulfilled, to pay him at a later date, the trial court instructed the jury that, while the receipt was not conclusive evidence of the payment, they should consider whether it was likely that the plaintiff would have signed a receipt under those circumstances. *Held* that this instruction did not unduly disparage the explanation of the receipt offered by the plaintiff.

A record of conviction of lascivious carriage is not admissible, under § 5705 of the General Statutes, to affect the credit of a witness, since the offense is not an infamous crime.

Questions designed to show that a married woman associated or kept company with a man other than her husband, are not admissible to affect her credibility as a witness.

In preparing a finding, the trial judge should adhere to the form

prescribed by our rules and practice, in order that his own rulings and the claims of the parties may be properly presented for the consideration of this court.

Argued January 7th—decided February 23d, 1926.

ACTION to recover money alleged to have been loaned by the plaintiff to the defendant at her request, brought to the Superior Court in Hartford County and tried to the jury before *Dickenson, J.;* verdict and judgment for the defendant, and appeal by the plaintiff. *No error.*

*Charles S. Hamilton* and *Morris M. Wilder,* for the appellant (plaintiff).

*Michael V. Blansfield,* for the appellee (defendant).

WHEELER, C. J. The plaintiff claimed and offered evidence to prove: The plaintiff and defendant are husband and wife. On account of an estrangement between them, the plaintiff gave to his wife, the defendant, a deed of conveyance of his interest in their dwelling-place, and in consideration thereof she gave a note, secured by a mortgage upon these premises, to the plaintiff. They continued to live in this house for some months, but separately, in separate rooms, and the defendant during this time managed the property and treated it as her own, and from the date of the conveyance the plaintiff had, at the request of the defendant and for her benefit, loaned her upward of $1,300, and performed services and made purchases and paid out money for her at her request amounting to upward of $150, and she owed him $500, being the amount agreed upon for his interest in the household furniture. The defendant offered evidence tending to disprove plaintiff's right to recover any of these sums, and the jury found in favor of the defendant.

Reason of appeal one, is from a part of the charge in which the court instructed the jury that while the plaintiff had offered the testimony of witnesses which, if believed, corroborated to some extent the testimony of the plaintiff, the case turned largely upon ascertaining which of the parties to the action was telling the truth. The instruction was within the discretion of the court; the nature of the case suggests that it was timely and a wise exercise of discretion. A second ground of appeal is that the court placed undue stress upon a receipt given by plaintiff to the defendant, and thereby disparaged his explanation of the giving of the receipt. ·

In disproof of plaintiff's testimony that he had loaned defendant, in varying sums, upward of $1,300 over a period of time, the defendant offered evidence that she had been paying plaintiff $200 every six months to apply on the mortgage which she had given plaintiff, together with the interest due upon it. In corroboration of the fact that she had made these payments, she offered in evidence the receipt referred to, for $305, covering a $200-payment and interest on the mortgage, prepared by an official of the savings-bank and signed by plaintiff, the payments having been made two months in advance of the time when due. The plaintiff's explanation was that he had signed the receipt on defendant's promise subsequently to pay him, which she never did. The court instructed the jury that the receipt was not conclusive evidence of the payment, but that the jury should consider whether the plaintiff would have been likely to have given a receipt for a payment in advance of the time when it was due or when he received it. This instruction was not erroneous. If the instruction were open to any criticism, it was its moderation in not pointing out to the jury with even greater clearness

the preposterousness of plaintiff's explanation, and its effect upon his claim that he had made his wife' these loans during this period. *Johnson* v. *Shuford,* 91 Conn. 1, 98 Atl. 333; *Shimlovitz* v. *Bares,* 75 Conn. 714, 55 Atl. 560; *Church* v. *Spicer,* 85 Conn. 579, 83 Atl. 1115. The claimed error in the charge as to the payment of the income tax we cannot consider, since the finding does not adequately present the facts claimed to have been proven regarding this matter. Other errors in the charge do not merit consideration.

Three rulings on evidence are made grounds of appeal. The defendant testified on her own behalf. On cross-examination plaintiff's counsel offered in evidence a paper, claiming it to be the record of the conviction of defendant of lascivious carriage and the judgment of the court—a fine of $50—for the purpose of affecting the credibility of the witness. We shall pass by the technical objections to this offer and shall assume that the offer was of the record of conviction. The ruling of the court excluding the offer was right. The offer was claimed upon the authority of *Drazen* v. *New Haven Taxicab Co.,* 95 Conn. 500, 111 Atl. 861, as falling within the class of infamous crimes to which General Statutes, § 5705, applies, which provides that the record of conviction for such a crime may be shown for the purpose of affecting the credit of a witness. From the passage of the Act of 1642, imposing a penalty for an act of lascivious carriage, to the present, it has never been regarded as an infamous crime, and has never been regarded as falling within the class of infamous crimes referred to in General Statutes, § 5705. For the same purpose, plaintiff's counsel, on cross-examination of defendant, inquired if her husband had not continually objected to her keeping company with Kolachuk (the man with whom plaintiff claimed defendant had been guilty of

the crime of lascivious conduct) and plaintiff called a witness and inquired of her, with whom defendant left the house (we assume that the plaintiff intended to claim, although the record does not show it, that she left the house with this man). These questions were excluded as immaterial and irrelevant. The rulings were manifestly correct.

The finding is not made up in conformity with our practice. Practice Book, pages 307, 308, §§ 4, 6 and 7; General Statutes, § 5824, and cases cited on page 1830, and note (d). For example, many of the findings of facts offered and claimed to have been proved by plaintiff are inserted under those offered and claimed to have been proved by defendant, and findings which properly belong under IV of the finding, rulings on evidence, are inserted under facts claimed to have been proved by plaintiff or defendant, while in a number of instances what a witness testified to is inserted among the facts offered and claimed to have been proved by one or the other of the parties. A finding made up in this way makes it often difficult to do justice to the claims of the parties, and to the decision or rulings made by the court. Fortunately in this case by rearranging the findings and eliminating from consideration the matters which had no place in the finding, we are able to pass upon the points of the appeal.

There is no error.

In this opinion the other judges concurred