JEANNE L. SWANSON v. WAYNE SWANSON.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, JS.

Argued May 6—decided June 6, 1941.

*George G. DiCenzo*, with whom was *Vincent Villano*, for the appellant (plaintiff).

No appearance for the appellee (defendant).

BROWN, J. The plaintiff brought this action for a divorce pursuant to General Statutes, Cum. Sup. 1935, § 1597c, on the ground that the defendant had committed an "infamous crime involving a violation of conjugal duty and punishable by imprisonment in the

State Prison." The plaintiff and defendant intermarried on January 16, 1933, in the state of New York, and on July 23, 1936, the plaintiff moved into this state where she has resided continuously since. On September 19, 1939, upon conviction of an assault to commit rape, perpetrated on April 10, 1937, the defendant was sentenced by the Superior Court in Hartford to the state prison. The court in the present action concluded that an assault to commit rape did not involve a violation of conjugal duty within the terms of the statute and entered judgment for the defendant, from which the plaintiff has appealed.

In its memorandum of decision the court states as its reason for denying the plaintiff's petition, that an assault to commit rape is an attempt to commit an offense or act in violation of conjugal duty, and that being so, the offense does not come under the specified ground for divorce. Actual carnal knowledge is not essential to the crime of an assault with intent to commit rape. The trial court was warranted in the assumption which is implicit in its memorandum, that the defendant's conviction did not establish that he had had carnal knowledge of a woman not his wife.

Under the language of the above quoted provision of § 1597c the three essentials to a divorce upon this ground are: (1) the commission by the defendant of an infamous crime, (2) involving a violation of conjugal duty, and (3) punishable by imprisonment in the state prison. There can be no doubt that an assault with intent to commit rape is an infamous crime within the definition adopted by this court in *Drazen* v. *New Haven Taxicab Co.*, 95 Conn. 500, 506, 111 Atl. 861, reiterated in *Kurtz* v. *Farrington*, 104 Conn. 257, 261, 132 Atl. 540. By the terms of General Statutes, § 6241, this offense may be punished by imprisonment in the state prison, the penalty in fact

imposed upon this defendant, and it clearly involves moral turpitude, being an act of inherent baseness, particularly in respect to the private and social duties owed by the defendant to his fellowmen and society (*Kurtz* case, supra, 262) which is in conflict with those moral attributes upon which the relations of life are based. It is an act contrary to justice, honesty, modesty and good morals. *Grievance Committee* v. *Broder,* 112 Conn. 269, 275, 152 Atl. 292. It is scarcely less atrocious than the crime of rape itself. *Rookey* v. *State,* 70 Conn. 104, 112, 38 Atl. 911.

The determinative question therefore is whether the commission of it involves a violation of conjugal duty. Conjugal means "Of or belonging to marriage or the married state; suitable or appropriate to the marriage state or to married persons; matrimonial; connubial." Webster's New International Dictionary. Tested by this definition adultery patently would involve a violation of conjugal duty, and rape with its added elements of force and lack of consent, suggests a more aggravated violation thereof. Attempted rape, while the unlawful sexual intercourse requisite in rape is not incident to it, does include, as necessary attributes, the intent to indulge in such intercourse coupled with the use of force to accomplish this purpose. A husband who not only entertains such a lustful intent, but aggressively manifests this intent by resort to force in his effort to gratify it, is guilty of conduct so abhorrent and so contrary to the social and moral obligations of his married status as to involve a clear violation of conjugal duty within the meaning which must be accorded those words under the above definition. It is our conclusion therefore, that the defendant's conviction of assault with intent to commit rape established the commission by him of an infamous crime involving a violation of conjugal duty and

punishable by imprisonment in the state prison, within the meaning of § 1597c.

There is error, and a new trial is ordered.

In this opinion the other judges concurred.