### FRANCIS A. PALLOTTI, ATTORNEY GENERAL
*vs.*
### MAURICE BURT BURSTON

Superior Court    New London County    File No. 14462

### MEMORANDUM FILED DECEMBER 9, 1944

*Harry E. Brooks,* Assistant Attorney General, for the Plaintiff.

*Maurice Burt Burston, pro se,* for the Defendant.

INGLIS, J. This is an application brought under section 2738 of the General Statutes, Revision of 1930, for the revocation of the defendant's license to practice medicine and surgery in this State.

The defendant's license was issued to him under the name of Maurice B. Burston on April 27, 1921. His residence is at Norwich in this county.

On October 23, 1940, he was convicted in this court of the crimes of receiving money from the earnings of prostitutes,

having in his possession indecent pictures with the intent to show same, and keeping a disorderly house, and was sentenced to be imprisoned in the Connecticut State Prison for the term of not less than ten years nor more than fifteen years on the first count, to pay a fine of $1,000 on the second count, and to pay a fine of $100 on the third count, and also to pay the cost of the prosecution.

All of the steps preliminary to the institution of this action which are required by the statute have been taken.

The substantive law which controls the case is to be found in section 2741 of the General Statutes, Revision of 1930, as amended by section 475 of the 1941 Supplement to the General Statutes. That reads in part as follows: "The causes for which a license or certificate of registration [to practice the healing arts] may be revoked, suspended or annulled or for which a practitioner may be reprimanded or otherwise disciplined are as follows: Conviction in a court of competent jurisdiction, either within or without this state, of any crime involving moral turpitude, of any infamous crime or any crime in the practice of his profession...."

Certainly the crimes of receiving money from the earnings of prostitutes and of having indecent pictures with the intent to show them are crimes involving moral turpitude and infamous crimes. Gen. Stat. (1930) §§6227, 6244; *Drazen vs. New Haven Taxicab Co.,* 95 Conn. 500, 506. There can be no question, therefore, but that the defendant's license must under the statute be either revoked or suspended or he must be otherwise disciplined.

As bearing on the question of which of these courses should be followed in this case, it would seem certain that a conviction of either of these crimes would terminate a physician's usefulness in his profession. No right-thinking person would be willing to entrust the care of his health to a man whom he knew to have been convicted of crimes of that seriousness and that nature. Moreover, the medical profession has a right to have its high reputaiton protected against the stigmata which necessarily would attach by reason of a man with such convictions against him being allowed to be a member of the profession. The reputation for clean living of any member of the medical profession should be above reproach, and any physician whose reputation has been so seriously and permanently impaired as has that of the defendant by these con-

victions should be permanently separated from his profession. Nothing less than revocation of the license of the defendant is adequate under the circumstances in this case.

Judgment may enter revoking the license of the defendant to practice medicine and surgery in this State.