LORRAINE M. SWEET *v.* WILLIAM SWEET

SUPERIOR COURT      HARTFORD COUNTY      FILE No. 104995J

Memorandum filed January 22, 1957

*Buckley, Creedon, Gallivan & Danaher*, of Hartford, for the plaintiff.

No appearance filed for the defendant.

ALCORN, J. The plaintiff seeks a divorce based upon the following allegation: "The defendant, on

June 7, 1955, was sentenced by the Superior Court in Hartford County to the Hartford County Jail for the crime of injury and risk of injury to children under Section 8369, Revision of 1949." A further claim of intolerable cruelty alleged in the complaint was abandoned.

The plaintiff rests her case solely upon the file in a criminal prosecution of the defendant in this court titled No. 20738, *State* v. *William A. Sweet.* From that file it appears that the state's attorney informed against the accused on a first count of indecent assault, and a second count of injury or risk of injury to children, under § 8369 of the 1949 Revision of the General Statutes, wherein it is alleged that the accused "did place a child under the age of sixteen years in such a situation that his morals were likely to be impaired." The file discloses that the first count was nolled and that the accused pleaded guilty to the second count and was sentenced to jail for one year, the execution to be suspended at the end of nine months with probation for two years.

The question is thus presented as to whether the plaintiff is entitled to a decree of divorce upon the basis of the criminal record described. Section 7327 of the 1949 Revision provides as one ground for divorce "the commission of any infamous crime involving a violation of conjugal duty and punishable by imprisonment in the State Prison." The plaintiff is not entitled to a decree unless the record of conviction relied upon comes within that definition. Counsel cites no precedent for holding that a conviction of injury or risk of injury to children under § 8369 is a ground for divorce. The court has discovered only two reported cases in which the ground for a divorce quoted from § 7327 has been considered. In *Donovan* v. *Donovan,* 14 Conn. Sup. 429, *Inglis, J.,* held that the crime of indecent assault upon a minor female is a breach of the conjugal duty

within the meaning of the divorce statute. In *Swanson* v. *Swanson,* 128 Conn. 128, our Supreme Court reached a similar result with respect to the crime of assault with intent to commit rape. In the *Swanson* case (p. 129), the three essentials to a divorce upon the ground here relied upon are stated to be "(1) the commission by the defendant of an infamous crime, (2) involving a violation of conjugal duty, and (3) punishable by imprisonment in the state prison." The present offense satisfies requirement (3). The question is, does it meet requirements (1) and (2)?

Infamous crimes in this state are either (1) those whose punishment must be imprisonment in the state prison, (2) those whose penalty may be imprisonment in the state prison when the nature of the crime involves moral turpitude, or (3) those whose penalty must be in the county jail when the nature of the crime involves moral turpitude and the penalty may be six months or more. *Drazen* v. *New Haven Taxicab Co.,* 95 Conn. 500, 508. The crimes of receiving money from the earnings of prostitutes and having indecent pictures with intent to show them are infamous crimes. *Pallotti* v. *Burston,* 13 Conn. Sup. 144, 145. Lascivious carriage is not an infamous crime. *Nicewicz* v. *Nicewicz,* 104 Conn. 121, 124. The statute under which the defendant in this case was convicted carries a penalty of a fine of not more than $500 or imprisonment for not more than ten years, or both. The crime, therefore, does not come within the first or third categories of infamous crimes. Since imprisonment for the offense may be in the state prison, the crime is to be considered infamous if it involves moral turpitude.

In the *Drazen* case, supra, 506, "moral turpitude" is described as "a vague term, lacking precision." The court, after quoting the accepted legal definition from Bouvier's Law Dictionary as "an act of base-

ness, vileness or depravity in the private and social duties which a man owes to his fellow men or to society in general, contrary to the accepted . . . rule of right and duty between man and man," further defines the term as including "anything done contrary to justice, honesty, modesty, or good morals," and describes the term as implying "something in itself immoral. Inherent baseness is an ingredient of such a charge."

The acts described in § 8369 which may constitute injury or risk of injury to children cover a broad field. The extreme scope of the statute cannot be better indicated than by quotation of its express terms: "Any person who shall wilfully or unlawfully cause or permit any child under the age of sixteen years to be placed in such a situation that its life or limb is endangered, or its health is likely to be injured, or its morals likely to be impaired, or shall do any act likely to impair the health or morals of any such child," is to be subject to the penalty. Countless types of circumstances come to mind under which it might be argued that a child had been caused or permitted to be placed in such a situation that its life or limb was endangered or that its health was likely to be injured or its morals likely to be impaired, and the number of acts that might be likely to impair the health or morals of a child are equally numerous. The crime of indecent assault is separate and distinct from the crime of impairing the morals of a minor and a person may be guilty of impairing the morals of a minor without committing an indecent assault on that minor. *State* v. *Silver,* 139 Conn. 234, 243. Certainly, many acts may readily be envisioned which would impair the morals of a minor but which would not necessarily come within the concept of moral turpitude so as to render the crime infamous. While lascivious carriage is not an infamous crime (*Nicewicz* v. *Nicewicz,* su-

pra), the conduct which that offense contemplates is "wanton, lewd and lustful, and tending to produce voluptuous or lewd emotions." *Zeiner* v. *Zeiner,* 120 Conn. 161, 166. Nevertheless, conduct of the sort described could conceivably and would even probably impair the morals of a child.

Even if the statutory offense of injury or risk of injury to children could be considered an infamous crime, the second element essential to qualify it as a cause for divorce is that it must involve a violation of conjugal duty. Upon this point the Supreme Court states the determinative question to be "whether the commission of it involves a violation of conjugal duty." *Swanson* v. *Swanson,* 128 Conn. 128, 130. From the broad range of the crime as above described, it is apparent that while there might be acts which would violate the statute and at the same time be a violation of conjugal duty, it is, nevertheless, equally true that there might be many violations of the statute which would not amount to a violation of conjugal duty. In fact, acts which might impair the morals of a child as alleged in the information here involved would not necessarily be acts in violation of conjugal duty. Consequently, the bare commission of the crime does not necessarily involve a violation of conjugal duty and therefore does not meet the determinative test described in the *Swanson* case, supra. The only way in which the court could determine in the present case whether the acts complained of involved either moral turpitude or a violation of conjugal duty would be by considering the underlying facts of the particular offense. In this respect the crime in issue here differs materially from crimes such as adultery, rape, indecent assault, and the like. Should it be argued that the court must be required to go behind the record in order to determine from the underlying circumstances whether or not there was an infamous

crime or a violation of conjugal duty, the obvious answer is that the divorce statute relied on does not contemplate the retrial of the issues in the criminal case in order to establish this ground of divorce.

Cognizance is taken of the fact that the divorce statute speaks of "commission" rather than "conviction" of the crime. Conceivably, of course, there could exist a commission of a crime without there having been a conviction. In proceedings under this statute it is the settled practice of the bar to introduce evidence of a conviction. This practice has reason behind it, since otherwise the incongruous situation would be presented of the civil court determining the ultimate fact of the commission of a crime. It is fundamental that guilt, or in other words, the fact of the commission of a crime, can be determined only by established criminal procedure. The conclusion follows that the crime for which a divorce may be decreed must be of such a nature that the record of conviction necessarily conveys the essentials that it is infamous, that it involves a violation of conjugal duty, and that it is punishable by imprisonment in the state prison.

For the reasons indicated, the crime of injury or risk of injury to children is not such a crime.

The complaint is dismissed.