The defendant was convicted of the crime of breach of the peace (General Statutes § 53-174) on the testimony of two witnesses. His sole assignment of error is that the court erred in refusing to allow the defense to inquire, on cross-examination of one of the witnesses, for the purpose of impeaching her credibility, whether she was the person of the same name convicted on a specified date in the City Court of Bridgeport of the crime of prostitution.
General Statutes § 52-145 provides: "No person shall be disqualified as a witness in any action by reason . . . of his conviction of crime; but such *Page 295 
. . . conviction may be shown for the purpose of affecting his credit."
Prior to what is now § 52-145, persons convicted of certain crimes, to wit, infamous crimes, were disqualified as witnesses; another class of persons convicted of certain other crimes were not disqualified. The statute refers only to the credit of persons who would have been disqualified; that is, only a conviction of an infamous crime, which had theretofore disqualified, may be shown to affect credit. Card v. Foot, 57 Conn. 427, 432.
Crimes the punishment for which must be imprisonment in the state prison are necessarily infamous; crimes the punishment for which may be imprisonment in the state prison will be held to be infamous when the nature of the crime involves moral turpitude; and crimes the punishment of which must be in jail will be infamous when the nature of the crime involves moral turpitude and the penalty may be six months or more. Drazen v.New Haven Taxicab Co., 95 Conn. 500, 508. The Supreme Court of Errors, in the same case, firmly stated: "[W]e adopt the rule excluding from the list of infamous crimes all crimes whose maximum penalty may be six months in the . . . jail." Id., 509.
This rule, that conviction of crimes which may be shown to affect credibility includes no crimes the maximum penalty for which may be not more than six months in jail, has been consistently followed in cases similar to the present one, involving a like maximum penalty. The record of a conviction of lascivious carriage may not be introduced to affect the credibility of a witness. Nicewicz v. Nicewicz,104 Conn. 121, 124. Conviction of keeping a house of prostitution may not be admitted. State v.Perelli, 125 Conn. 321, 328. *Page 296 
General Statutes § 53-226 provides for a penalty, upon conviction of prostitution, for a first offense of a fine of not more than $100 or imprisonment of not more than six months or both. Such imprisonment must be in jail, not in the state prison. § 54-120. Therefore, the conviction of the witness for prostitution was not an infamous crime within the meaning of the statute and cannot be admitted to affect her credibility.
The case of State v. Randolph, 24 Conn. 363, cited by the state, is not controlling, since it involved a prior conviction as a common prostitute, under a statute similar to our present § 53-235, which provides for a maximum imprisonment of not more than thirty days, rather than a conviction of prostitution under § 53-226, as in the instant case.
 There is no error.
In this opinion MACDONALD and SULLIVAN, Js., concurred.