[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE APPLICATION TO VACATE AND TO CONFIRM ARBITRATION AWARD
The plaintiff applies to vacate this arbitration award under C.G.S. § 52-418 because the "award is in excess of of the powers of the powers of the arbitration panel." It specifically states that the arbitrator has no authority to retain jurisdiction over the arbitration beyond the time limit of 30 days set in the collective bargaining agreement (Agreement).
Defendant applies to confirm the same award under C.G.S. § 52-417.
Neither party seeks modification or correction under C.G.S. § 52-419. CT Page 5570
Facts
The parties have stipulated that the award itself and the Agreement ascertained in the court file are "in evidence."
One Paul Vitarelli (Grievant) was fired by the State Treasurer's Office from his position as a Special Investigator, based on his conviction in federal court on three felony counts. His position included full investigative duties concerning complaints and alleged violations of State laws and regulations which the Treasurer is charged with enforcing.
His conviction followed a criminal trial in U.S. District Court. The jury returned a verdict of guilty on three federal felony counts on April 2, 1992. The three counts were in (a) conspiracy to violate 18 U.S.C. § 371
(conspiracy to commit offense against United States); (b) corrupt receipt of payments in violation of 18 U.S.C. § 666(a)(1)(B) (theft of funds from federal programs); and (c) for filing a false tax return in violation of26 U.S.C. § 7206(1).
Upon notice of the jury verdict on April 2, 1993 the State Treasurer by letter dated April 9, 1992 advised grievant of his right to a predisciplinary meeting on April 27, 1992 concerning his status as a Special Investigator and potential disciplinary action which might be taken against him. On April 28, 1992 the State Treasurer's Office advised the grievant as follows:
 After consideration of the information provided in the predisciplinary meeting the morning of April 27, 1992, I have determined that there is just cause for your termination from State service under Section 5-240(c) of the General Statutes of Connecticut. Conviction of a felony is just cause for dismissal. (Joint Exhibit 2). Attached. Ex. B.
On June 5, 1992 the grievant was sentenced in the United States District Court to forty-one months imprisonment for the crimes of which the jury had found CT Page 5571 him guilty.
On May 8, 1992 the defendant in behalf of the grievant, grieved the firing directly to Step III of the grievance procedure set forth in Articles 14 and 15 of the Agreement. On September 2, 1992 the Step III Hearing Officer denied the grievance.
 Dismissal of grievant was for just cause. The record established grievant's conviction of multiple felony charges. Same served as basis for his dismissal.
 The grievant offered the technical defense that the April 3, 1992 finding of guilt by a federal jury did not constitute a conviction.
 Such said grievant, did not occur until his June 5, 1992 sentencing.
 The grievant's argument exalts form over substance in that there was an evidentiary finding of guilt on April 3, 1992 which resulted in the later imposition of sentence.
Grievance denied.
The defendant filed for arbitration under the Agreement and the parties offered the following joint submission:
 Did the Employer have "just cause" as defined by the Collective Bargaining Agreement, when it terminated the employment of the Grievant effective at the close of business on May 11, 1992?
If not, what shall the remedy be?
A hearing was held on April 15, 1993; on May 24, 1993 the parties submitted briefs, and the Arbitrator declared the record closed. By agreement the due date for the Award was extended until August 2, 1993. On that date the Arbitrator issued the following award.
The Employer did not have just cause as CT Page 5572 defined by the Collective Bargaining Agreement when it terminated the employment of the Grievant Paul Vitarelli effective at the close of business on May 11, 1992.
 The arbitrator hereby retains jurisdiction on the issue of the appropriate Remedy and directs that an additional hearing be held before the undersigned to receive relevant evidence concerning the issue of appropriate Remedy.
Art. 15 § 9(c) of the Agreement is as follows:
 The arbitrator shall have no power to add to, subtract from, alter, or modify this Agreement, nor to grant to either party matters which were not obtained in the bargaining process . . . . The arbitrator shall render his/her decision in writing no later than thirty (30) calendar days after the conclusion of the hearing, unless the parties jointly agree otherwise.
 Law
I Timeliness
The "Award" is directed to only part of the subdivision and, therefore, is not a "mutual, final and definite award upon the subject matter submitted." As a result it is subject to vacation. C.G.S. § 52-418.
In addition the award does not conform to the submission. Such conformance is required. "Arbitration is a creature of contract and the parties themselves, by the agreement of the submission, define the powers of the arbitrators." Board of Education v. Bridgeport EducationAssn., 173 Conn. 287, 290.
II Public Policy
In undertaking public policy review of an arbitration award, the court is "not concerned with the correctness of the arbitrator's decision but with the lawfulness of CT Page 5573 enforcing the award." Board of Trustees v. Federation ofTechnical College Teachers, 179 Conn. 184, 195. This court will assume "the worst" from defendant's standpoint and expect that the remedy will put the unpardoned grievant back to work.
The court knows of no public policy that prohibits the state from employing convicted felons.
The plaintiff cites State v. Council 4, AFSCME,27 Conn. App. 635, in which the arbitrator had found that the grievant's "actions constituted `just cause for discharge'" and then ruled that the `Mitigatory factors" of his mental illness prohibited a discharge for just cause. In that action the award reinstating the grievant was contrary to public policy because the crimes charged against him included "knowing misappropriation of state moneys by state officials or employees." id. 641. Here the crimes charged appear to be federal and from the record this court cannot find they were directed against the state.
The assumed award of remedy would not be illegal.
III Conviction of Felony
The submission specifically referred to just cause at the close of business on May 11, 1992. The arbitrator found that under state regulations DAS Regulation 5-240-1a(c) (1) it is provided that:
 "(c) `just cause means any conduct for which any conduct for which an employee may be suspended, demoted or dismissed and includes but is not limited to the following:
1. Conviction of a felony."
He also found "that on 4/2/92, a trial jury rendered a verdict of guilty against grievant on 3 felony counts."
The arbitrator makes a clear distinction between a jury verdict of guilty and a judgment on the date of sentencing. He cites the Federal Rules of Criminal Procedure Rule 32 which in pertinent part reads as follows: CT Page 5574
 (1) In General. A judgement of conviction shall set forth the plea, the verdict or findings, and the adjudication and sentence. If the defendant is found not guilty or for any other reason is entitled to be discharged, judgement shall be entered accordingly. The judgement shall be signed by the judge and entered by the clerk.
From that he concludes that no conviction was had on April 2, 1992.
The conviction in a federal court occurs upon the finding of guilt. Dickinson v. New Banner Inst., Inc.,460 U.S. 103, 112-113.
A person in Connecticut is convicted of a crime upon "the finding of jury by verdict that [he] is guilty."Quintard v. Knoedler, 63 Conn. 485, 487, State v. Vincent,25 Conn. Sup. 96.
Whether federal or state grievant was convicted of three felonies on April 2, 1992.
IV Proof at Arbitration
Witnesses as such are not necessarily required to prove a case. Documents will do. Sweet v. Sweet,21 Conn. Sup. 198, 199. The state put in "State Exhibit 7" at the arbitration hearing. It makes clear the state knew of the grievant's three felony convictions as early as April 3, 1992.[1]
V Court and the Public Interest
The Agreement, Art. 15 § 9(c) in the second paragraph provides as follows:
 The arbitrator's decision shall be final and binding on the parties in accordance with Connecticut General Statutes Section 52-148
[sic][2], provided however, neither the submission of questions of arbitrability to any arbitrator in the first instance nor any voluntary submission shall be deemed to diminish the scope of judicial review over arbitral CT Page 5575 awards, including awards on arbitrability, nor to restrict the authority of a court of competent jurisdiction to construe any such award as contravening the public interest.
This recognition of the court's authority in the collective bargaining agreement itself should reveal the particular appropriateness of this court reviewing the award in light of a violation of public interest.
Second, and even more compelling, the Union's apparent argument to confirm the award would emasculate the court's power to interpret and uphold the public interest of the state, and place arbitrators outside the reach of the law. The trial court in Avco Corp. v. Preteska, 22 Conn. Sup. 475,174 A.2d 684 (1961) was faced with a similar situation and a similar argument. There, an employee had been dismissed from his job for engaging in gambling activities on company premises, in violation to both company policy and state law, but an arbitrator ordered him reinstated with back pay. The trial court vacated the award.
The court has already ruled that it cannot find on the record and the assumed award of a remedy that public policy has been or will be violated. The Agreement speaks of public interest. The preamble to that agreement states that "the parties . . . consider themselves mutually responsible to improve the public service through increased morale, efficiency and productivity." It is hard to conjure up a demon more harmful to morale than a requirement that a person convicted of three felonies involving financial matters would be put back to work in the state treasurer's office to work with innocent citizens.
Application to vacate is granted.
Application to confirm is denied.
N. O'Neill, J.