## THE STATE *vs.* JAMES LEADEN.

On a trial for burglary, charged to have been committed on the 15th of April, the court charged the jury, as matter of law, that where a building is left secure at night and found broken open early in the morning, there is a presumption that it was broken open in the night, and that this presumption obtains, though not so strongly, if the time of discovery is so late as half past seven in the morning at that time of year. Held to be erroneous.

So far as the facts warrant a presumption in the case, it is wholly one of fact, to be considered by the jury, and not one of law.

INFORMATION for burglary, tried in the Superior Court in New Haven county, before *Phelps, J.* Verdict guilty, and motion for a new trial for error in the charge to the jury. The case is sufficiently stated in the opinion.

*Robinson*, in support of the motion.

*Foster*, State Attorney, contra.

PARK, J. In this case the court charged the jury, that " the law is so that when a building is left secure at night and found early in the morning broken open, the presumption is that it was broken open in the night; and that this pre-

sumption obtains, though not so strongly, if the hour of discovery be so late as seven and a half o'clock in the morning of the fifteenth day of April."

It is clear that the facts detailed in the motion are sufficient to create a presumption of fact, to be considered by the jury, more or less strong in proportion to the lateness of the hour at night when the premises were known to have been secure and the earliness of the hour the next morning when the discovery was made that they had been broken and entered ; but we think the court erred in charging the jury that these facts establish a presumption of law to that effect.

More than two hours had elapsed from the rising of the sun on that morning before it was known that the premises had been disturbed, and if a presumption of law arises that the breaking and entering had been made in the night season, the same presumption would exist, in some degree, if the discovery had been made at a later hour of the day, so that the charge of the court would make it the duty of the jury to render a verdict of guilty in all cases, so far as this question is concerned, unless the accused should be fortunate enough to be able to rebut the presumption by proof to the contrary. This we think is in conflict with well established principles of criminal jurisprudence.

All commentators upon this crime treat this question as one of fact for the consideration of the jury, as much so as the other elements necessary to constitute this offence. In the case of *The State* v. *Bancroft*, 10 New Hamp., 105, it is held that an indictment for burglary may be supported by circumstancial evidence, and that it is not necessary for the state to show that the entry could not have been made in the day-time. The counsel for the accused had contended that it was not enough for the state to show, by circumstances sufficiently strong to satisfy the jury, that the breaking and entering must have been made in the night season, but that the state must go further and prove that these acts could not have been done in the day-time. In the case of *The State* v. *White*, 4 Jones (Law,) 349, it is said that circumstancial evidence may be sufficient to prove that the offence was committed in

the night season, but that no presumption of law exists for this purpose. Greenleaf, in his Evidence, Vol. 3., sec. 83, says, " The time of the breaking may be inferred by the jury from the circumstances of the case; as for example, if the goods stolen were seen in the house after dark and at daylight in the morning were missing." See also *Commonwealth v. Merrill*, Thacher's Crim. Cas., 1.

A new trial is advised.

In this opinion the other judges concurred.