## OMER ROSS *v.* NATHAN KOENIG.

MALTBIE, C. J., JENNINGS, ELLS, DICKENSON and INGLIS, Js.

Argued October 7, 1942—decided November 23, 1942.

*James C. Shannon,* with whom was *Max Frauwirth,* for the appellant (defendant).

*David R. Lessler,* for the appellee (plaintiff).

ELLS, J.   There was a fire of undetermined origin on the third floor of the defendant's tenement house, as a result of which the plaintiff, an invitee, was trapped there and was severely burned.  The defendant appealed from a verdict and judgment for the plaintiff, alleging errors in the charge.

The building was of wood and when originally purchased by the defendant was a two-family house with an attic arranged for and occupied as the residences of two families, living on the first and second floors.  He altered the attic and made it into a tenement of six rooms, thus rearranging the building as a residence for three or more families.  At the time of the fire the third floor was rented as five one-room apartments, each to separate individuals who made their homes, with whatever families they had, in the apartments.  There was but one stairway leading from the third to the second floor, and there were no fire escapes on the outside of the third floor.

The jury was instructed that General Statutes, § 2613, was applicable and required that each story above the first be provided with more than one way of egress, by stairways on the inside or fire escapes on the outside.  The defendant does not challenge this, but claims the court erred in further instructing the jury that General Statutes, § 2615, also applied and required fire escapes on the third floor directly accessible from each of the five rooms without passing through any public hall.  This was error, for § 2615 applies only when such a building is more than three stories in height.  However, the error, under the general

verdict rule, is not cause for reversal. There were two counts, the first based on a claimed violation of § 2613 and of city ordinances, and the second on negligence separate and apart from such violations, namely, that the alterations were made in such manner and of such highly combustible materials as to constitute danger of fire and create an imminently and inherently dangerous condition, as a result of which the plaintiff was injured. The defendant does not complain of the court's charge as to the latter claims, or that there was insufficient evidence to support a recovery thereon. "If any of the counts are good, it will be presumed that the damages were assessed as to that count and the verdict will be sustained." *Ziman* v. *Whitley*, 110 Conn. 108, 112, 147 Atl. 370; Conn. App. Proc., § 34. If the defendant wished to protect himself against the effect of a general verdict, he should have submitted interrogatories. *Lorenc* v. *Hartford Hospital*, 127 Conn. 194, 197, 15 Atl. (2d) 313.

The second claim of error concerns a release of all claims resulting from the injuries received, executed by the plaintiff prior to trial, for a stated consideration of $75. The defendant pleaded it in bar of the action; the plaintiff replied that it was inoperative in that it was unconscionable, was obtained by fraud and coercion and was not the free and voluntary act of the plaintiff. The claims of proof show that the plaintiff offered evidence in support of his claim, while the defendant offered evidence to prove that the plaintiff voluntarily offered to accept $75 in release of all claims, that the release was read to him by a disinterested notary, who inquired whether he understood what he was doing, and that the plaintiff replied in the affirmative, whereupon his acknowledgment was taken. The plaintiff also wrote out in his own hand a withdrawal of action. Upon these and other claims of

proof, not repeated here in full, the jury could have found that the plaintiff himself proposed the settlement, that he executed it voluntarily and that there was no fraud or coercion. Upon these conflicting claims the defendant requested the court to charge that, "where the consideration agreed upon for a release is something of value, the courts will generally in the absence of fraud, coercion, and undue influence, and if the parties are competent, not avoid the release on the ground of inadequacy of the consideration." While the request was not well phrased, it is clear that the court should have given adequate instruction upon this important claim. Although it was stated in the charge that if the jury found the settlement was made in the manner claimed by the defendant there could be no recovery, this did not adequately cover a situation, which, under the claims of proof, the jury might well have had under consideration. If the jury found that the settlement was voluntarily made and was free from fraud or duress, the adequacy of the $75 consideration was a matter for the plaintiff to decide, not for the jury. In the absence of fraud or coercion, the amount paid by the defendant was of no consequence if the demand for damages was wholly unliquidated. *Church* v. *Spicer*, 85 Conn. 579, 582, 83 Atl. 1115; see *Allen* v. *Ruland*, 79 Conn. 405, 412, 65 Atl. 138; *Bull* v. *Bull*, 43 Conn. 455, 469, 470. The reason for this rule is well stated in 23 R. C. L. 385, where it is said, "The compromise and release of doubtful claims for personal injury is highly favored by the law, and any contract by which there is a fair meeting of the minds of the parties to that end must be adopted by the courts. If there was a meeting of the minds of the parties, without fraud or unfair conduct on either side, the contract must stand, although subsequent events may show that either party made a

bad bargain, because of a wrong estimate of the damages which would accrue."

If the consideration be found grossly inadequate, however, it could have a bearing upon the question whether the release was obtained by fraud. The inadequacy may be so gross or shocking that it can be held to be itself a badge of fraud. *Benedict* v. *Heirs of Dickens*, 119 Conn. 541, 545, 177 Atl. 715; or it may tend to establish constructive fraud. *Hicks* v. *Jenkins*, 68 Wash. 401, 406, 123 Pac. 526. If not gross or shocking, while it is not sufficient to avoid a release on the ground of fraud (*Thorn Wire Co.* v. *Washburn & Moen Co.*, 159 U. S. 423, 443, 16 Sup. Ct. 94), it may constitute a circumstance to be considered in connection with the other facts of the case to determine as to the existence of fraud. *Walker* v. *Shepard*, 210 Ill. 100, 114, 71 N. E. 422; see also 23 R. C. L. 395. The court, especially in view of the defendant's request, should have charged in accordance with these established principles of law. The error is heightened by the fact that the court reviewed the plaintiff's claims at length and intimated that in its opinion the release was ineffective, but did not mention the defendant's claims that the plaintiff said, as a reason for offering to settle for $75, that other persons similarly injured in this fire got nothing at their trials, that he was not going to take any chance of getting nothing for himself and that he was through with the lawyers and wanted to go to Alabama. These claims, if proved, would have an important bearing on the question whether the settlement was grossly inadequate and in itself a badge of fraud. The issue was of great importance, as the case was tried, and the inadequacy of the charge on this point must be held to constitute reversible error. The defense went to both counts, and the general verdict rule does not apply.

The trial court, after stating that it had been requested to charge concerning the failure of the defendant or some members of his family to testify in contradiction of some of the plaintiff's evidence concerning the circumstances surrounding the settlement, charged as follows: "The silence of a party upon a subject material to his cause or to his interest and one peculiarly within his knowledge furnishes strong and often conclusive evidence that he does not speak lest the truth should hurt his cause." The rule of law in this state concerning witnesses in general is that the failure of a party to produce a witness who is within the reach of process and who would naturally be produced by him permits the inference that the evidence of the witness would be unfavorable to the party's cause. *Dawson* v. *Davis,* 125 Conn. 330, 334, 5 Atl. (2d) 703; *Ezzo* v. *Geremiah,* 107 Conn. 670, 677, 142 Atl. 461. When a party is present and does not testify, "no court could perceive such a fact, without attaching some degree of importance—more or less—to its existence, according to the necessity of the testimony and the emergencies of the defence." *Union Bank* v. *Stone,* 50 Me. 595, 600. The court went further in the instant case, for instead of stating that under such circumstances the failure of the witness to appear permitted an inference that his evidence, if given, would hurt his cause it said that such failure furnished strong and almost conclusive evidence to that effect. The correct charge, under the circumstances of this case, would be that from the failure of a party to testify or offer testimony available to him the jury may draw an inference that the testimony if offered would be unfavorable to him, and, if they do, the weight to be accorded it is to be determined by them in the light of all the circumstances, including the nature, materiality and importance of the testimony.

The instruction given by the trial court was taken verbatim from a statement found in *Kolensky* v. *De-Francesco*, 102 Conn. 660, 662, 129 Atl. 777, but was misapplied. We were not there speaking about an instruction which should have been given to the jury concerning a failure to testify but were considering a situation where the jury found, and, as we said, was fully justified in finding, that a husband was operating an automobile upon his wife's business, or by her authority. The question before us was the effect upon such justification of a failure of the husband or the wife to testify. See also *Seney* v. *Trowbridge*, 127 Conn. 284, 289, 16 Atl. (2d) 573.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.