HORTON, Chief Judge.
This appeal, in a personal injury action, is from a final judgment rendered after a jury verdict for the appellee-plaintiff. This action was originally begun by Jacob Faeges who, prior to trial, died, and the suit was continued by the executrix of his estate. The verdict was rendered against the appellants-defendants and Southern Bell Telephone & Telegraph Company, a co-defendant. On appeal, Southern Bell Telephone & Telegraph Company was dismissed by an order of this court dated November 28, 1958.
Faeges, the original plaintiff in the court below, was a business invitee in a filling station operated by the appellants, and was injured as a result of a fall while stepping out of a public telephone booth located on the premises. The telephone booth was placed on a ledge approximately ten inches above the level of the surrounding pavement and its front or entrance faced the ledge. The complaint charged the defendants with negligence in maintaining the *860 telephone booth in a dangerous and unsafe condition, and that such unsafe condition was known or should have been known by the appellants, and that this negligence was the proximate cause of the plaintiff’s injuries.
The appellants make numerous contentions of alleged error growing out of the trial of the cause. In substance, the appellants contend (1) that the plaintiff was guilty of contributory negligence because the condition, if an unsafe one, was open and obvious and one which was easily dis-cernable by the ordinary use of plaintiff’s senses; (2) that even though the alleged condition may have been dangerous and unsafe, the evidence failed to show that such condition was the proximate cause of the injuries sustained; (3) that a statement constituting an alleged admission against interest, given by the plaintiff prior to suit, was erroneously excluded from evidence by the trial judge; and (4) that the jury verdict of $23,700 was excessive in view of the injuries, medical expenses and lack of proof of impairment in earning capacity or loss of earnings.
 Considering the appellants’ first two contentions as to the question of contributory negligence and proximate cause, we have reviewed the record and conclude that these were questions of fact sufficiently raised by the evidence to require a jury determination. There was evidence that the booth was erected and maintained on a ledge approximately ten inches above the level of the surrounding pavement and opened over the ledge; that in stepping out of the booth, the plaintiff caught his heel and fell, injuring himself severely. It was within the province of the jury to assess the testimony and to fix responsibility upon the ones charged with the duty of erecting and maintaining the telephone booth. In weighing the question of the duty owed, the alleged failure to discharge this duty, the conditions surrounding the happening of the accident and the actions of the plaintiff, we could not, without re-evaluating the evidence, conclude' that the jury’s determination was unsupported by competent evidence. Since-contributory negligence was an affirmative defense to be proved by the appellants, that fact, along with the questions of negligence and proximate cause,, were all matters that should properly be-submitted to a jury.
The statement which the plaintiff made prior to the institution of the suit, and while he was confined to a hospital with his injuries, was given to an employee of appellants’ counsel. When the statement was offered by counsel for the Southern Bell Telephone & Telegraph Company, co-defendant, and its admission denied, there was no showing that a copy was given to-the plaintiff as required by § 92.33, Fla. Stat., F.S.A. Clearly, this statute makes-inadmissible any statement by an injured' person relating to his injuries or property-damage growing out of an accident until' it is shown that a copy of the statement made was furnished to the person making the same. On the basis of the aforesaid! statute alone, the trial judge was eminently correct in excluding it from evidence. The appellants contend that the statement is not excluded under the prohibitions of the “dead man” statute, § 90.05, Fla.Stat., F.S. A. Having concluded that the statement was inadmissible under the provisions of § 92.33, supra, we do not feel that a discussion of its admissibility or inadmissibility under the provisions of § 90.05 would be of more than academic interest.
Lastly, the appellants contend that the verdict of $23,700 was excessive considering the lack of proof of loss of earnings, impairment of earning capacity and considering that medical expenses of $4,200 were incurred. We do not pass upon this question for the simple reason that the same was not urged by the appellants in their motion for new trial, nor has it been assigned as error on appeal. Consequently, under the authority of the rule stated in Red Top Cab & Baggage Co. v. Grady, Fla.App.1958, 99 So.2d 871, the question of the *861 excessiveness of the verdict was not preserved for appellate review.
Accordingly, the judgment appealed from should be and it is hereby affirmed.
Affirmed.
PEARSON and CARROLL, CHAS., JJ., concur.