JOSEPH LOMBARDO ET AL. *v.* STEPHEN F. SIMKO

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 2-632-18304

Argued February 15—decided July 27, 1965

*A. Reynolds Gordon,* of Bridgeport, for the appellant (defendant).

*Samuel C. Derman* and *Richard T. Meehan,* of Bridgeport, for the appellees (plaintiffs).

KOSICKI, J. The plaintiffs sued the defendant for injuries to person and property caused by the negligent operation by the defendant of his automobile,

resulting in its collision with an automobile, operated by Joseph Lombardo, in which the owner, James Lombardo, was a passenger. Pursuant to the jury's verdicts, the court rendered judgment for plaintiff Joseph in the amount of $1412 and for plaintiff James in the amount of $185.04. The defendant moved to set aside the verdicts because of their being contrary to law, against the evidence, and excessive. As to the last ground, the verdicts did not exceed the necessarily flexible limits of fair and reasonable compensation for the injuries suffered, nor were they "so large as to offend the sense of justice and compel a conclusion that the jury were influenced by partiality, prejudice or mistake." *Gorczyca* v. *New York, N.H. & H.R. Co.,* 141 Conn. 701, 703; *Vogel* v. *Sylvester,* 148 Conn. 666, 669. The assignment of errors is directed solely at claimed errors in the rulings of the court excluding four exhibits proffered by the defendant, and in refusing an instruction to the jury requested by the defendant.

The corrected finding filed by the trial court states that the plaintiff Joseph offered evidence to prove and claimed to have proved the following facts: As a result of an automobile collision, caused by the negligence of the defendant, the plaintiff suffered a sprained neck, severe headaches, nausea, dizziness and pain requiring medical attention and the taking of pills for relief. Because of these injuries, he was unable to return to work for a number of days. He made thirty visits to his physician for treatment over a period of three months. At the time of the accident, the plaintiff lived with his wife and children and his brother, the plaintiff James. No member of the household testified except the two plaintiffs.

The defendant offered evidence to prove and claimed to have proved the following, as narrated

in the finding corrected by the trial court: Joseph
Lombardo, at the time of the accident and the time
of the trial, lived at the same address as his wife
and four children and his brother, James. James
testified concerning Joseph's injuries, his testimony
being limited to the statement that Joseph com-
plained on the date of the accident that he was
injured. The defendant requested the court in writ-
ing to charge the jury as follows: "The failure of
a party to produce a witness who is within its power
to produce and who would naturally have been
produced by that party, permits the inference that
the evidence of the witness would be unfavorable
to that party's cause. This failure to offer such
evidence is not proof of any specific fact, but it
does permit the inference that the evidence of the
witness would be unfavorable to the party's cause
to be weighed with the entire evidence in the case.
*Secondino* v. *New Haven Gas Company,* 147 Conn.
672, 675. *Ross* v. *Koenig,* 129 Conn. 403, 408; *Town
of Newtown* v. *Town of Southbury* . . . [100] Conn.
251, 254." The presiding judge refused so to charge
and did not incorporate the substance of the request
in his instructions to the jury.

The first assignment of error is directed at the
court's ruling excluding a purported statement
signed by both plaintiffs offered to show admissions
against interest and prior inconsistent statements,
and for the purpose of affecting the credibility of
the plaintiffs. The statement, consisting of a
printed form prepared and sent to the plaintiffs
by the liability insurer of the defendant, contained
questions to be answered by the claimants. The
court excluded this statement because it failed to
meet the preliminary requirements of General Stat-
utes § 52-147. This section reads as follows: "In
any action to recover damages for personal injuries
no written statement concerning the facts out of

which the cause of action arose given by either party to the other, or to his agent, attorney or insurer, shall be admissible in evidence unless . . . a copy thereof is retained by the party giving such statement or delivered to him at the time such statement was given or within thirty days thereafter." The ground of objection was that a copy of the statement was not delivered to either plaintiff at the time the statement was given or within thirty days thereafter. This portion of the statute has not been construed by our Supreme Court of Errors. In other jurisdictions, where analogous situations have arisen under statutes similar to ours, it has generally been held that a statement made by a person injured in an accident is not admissible in evidence unless he is furnished with a copy of the statement at the time of or within a certain period after his making of it. See such cases as *Yeager* v. *Chapman,* 233 Minn. 1; *Fendrick* v. *Faeges,* 117 So. 2d 858 (Fla. Dist. Ct. App.); *Spellman* v. *Metropolitan Transit Authority,* 328 Mass. 446; and note, 22 A.L.R.2d 1269 and cases cited. We need not go so far as to rule that the exclusion would apply to any unsolicited statement voluntarily made by the injured person to the defendant or his insurer or persons representing them, as was held in the *Spellman* case, supra. Here, admittedly the statement was given at the request of the defendant's insurer and on a printed form prepared by it, and at no time was a copy delivered to the plaintiffs.

"In the absence of anything in a statute to indicate the contrary, and we find nothing here, 'words and phrases shall be construed according to the commonly approved usage of the language . . . .' General Statutes § 1-1; *State* v. *Moran,* 99 Conn. 115, 118 . . . ; *Pierce* v. *Albanese,* 144 Conn. 251, 254 . . . ." *Baker* v. *Norwalk,* 152 Conn. 312, 315. It is to be noted that the statute applies only in an

action to recover damages for personal injuries. The ruling of the court excluding the statement in connection with the first count, pertaining to damages claimed by the plaintiff Joseph Lombardo for personal injuries, was correct. As to the action of James Lombardo, claiming only property damage under the second count, the ruling was erroneous. *Carta* v. *Providence Washington Indemnity Co.,* 143 Conn. 372, 380. This, however, has not been pursued specifically in the appeal; we therefore disregard its cursory mention in the defendant's brief and deem it abandoned. Moreover, the issue of liability as to this plaintiff has not been questioned, either on account of the defendant's negligence or on account of contributory negligence on the plaintiffs' part. Inasmuch as this assignment was the only one which had any bearing on the case of James, we need not consider, as to him, any of the other grounds advanced in the appeal. The judgment in his favor stands. Hereinafter, the word plaintiff shall refer only to Joseph.

The second and third assignments of error may be considered together. These assignments attack the rulings of the court in refusing to admit in evidence the files of the Superior Court in Fairfield County in two negligence actions, unrelated to the present case, in which the plaintiff sought damages for personal injuries. The court sustained the plaintiff's objections that the proffered exhibits were irrelevant and remote. In one action, the complaint was returned to court on the first Tuesday of February, 1957, and among other injuries claimed by this plaintiff to have been sustained on February 19, 1956, was an injury to his neck, which injury was alleged to be permanent in nature. The docket entries show that the pleadings were closed and on November 29, 1960, a claim was filed by the plaintiff for the trial list. No further proceedings are shown.

In the other action, the complaint was returnable to the first Tuesday of November, 1958, and alleged injuries caused by the defendant's negligence on March 21, 1958, to various parts of the plaintiff's body, including a whiplash injury to his neck and the muscles and tendons thereof. In response to a motion for disclosure, dated January 20, 1960, the plaintiff stated that he had "never fully recovered." A docket entry shows that this action was withdrawn on July 19, 1962. It is the claim of the present defendant that these proffered exhibits were relevant and material on the issue of injury, which in the present complaint is alleged to be of a "serious, painful and permanent nature, in that . . . [the plaintiff] sustained a severe sprain of the muscles and tendons of the neck." It is also asserted that the evidence offered was in the nature of prior inconsistent statements and would tend to affect the credit of the plaintiff's testimony.

The trial court has a wide discretion as to the admission or exclusion of evidence involving relevancy and remoteness. *Morico* v. *Cox,* 134 Conn. 218, 224. "Unless excluded by some rule or principle of law, any fact may be proved which logically tends to aid the trier in the determination of the issue. Evidence is admitted not because it is shown to be competent, but because it is not shown to be incompetent. . . . 'If the evidence offered conduces in any reasonable degree to establish the probability or improbability of the fact in controversy, it should go to the jury.' *Insurance Company* v. *Weide,* 11 Wall. [U.S.] 438, 440." *Plumb* v. *Curtis,* 66 Conn. 154, 166; *Wynehouse* v. *Mandelson,* 84 Conn. 613, 617; *Locke* v. *Kraut,* 85 Conn. 486, 488, 489; *Johnson* v. *Shuford,* 91 Conn. 1, 5; *Papa* v. *Youngstrom,* 146 Conn. 37, 40. "The determination of the remoteness of evidence is one for the discretion of the trial court unless the record indicates an abuse of discre-

tion. *State* v. *Kelly,* 77 Conn. 266, 269 . . . ; *Leonard* v. *Gillette,* 79 Conn. 664, 668 . . . ." *State* v. *Wade,* 96 Conn. 238, 248; *Bishop* v. *Copp,* 96 Conn. 571, 580. Remote evidence is not necessarily incompetent. "Remoteness is a matter of degree. The term is one which has regard to other factors than mere lapse of time. *State* v. *Moriarty,* 50 Conn. 415, 419. 'The essence of remoteness is such a want of open and visible connection between the evidentiary and principal facts that, all things considered, the former are not worthy or safe to be admitted in proof of the latter.' *State* v. *Kelly* . . . [supra]." *State* v. *Sebastian,* 81 Conn. 1, 4. If the evidence offered is speculative and remote or raises collateral issues far removed from the questions of fact presently before the trier, thus leading to a confusing and unrelated inquiry, the court may exercise a proper discretion in excluding it. *Graybill* v. *Plant,* 138 Conn. 397, 404; *State* v. *Wade,* supra. The court acted within its legal discretion in excluding from evidence the two exhibits under discussion.

The fourth assignment claims error in the refusal of the court to admit in evidence a record of the workmen's compensation commissioner for the fourth congressional district. It comprised an agreement, petition and order to compromise a workmen's compensation claim of the plaintiff for an injury incurred on or about July 12, 1961, entered into and approved on December 21, 1961, and also an attached agreement as to compensation, dated July 24, 1961, pertaining to the aforesaid injury and executed by the plaintiff, his employer, and the employer's insurer. An exhibit annexed in support of this assignment; Practice Book §§ 1006 (4), 989 (4); shows that the plaintiff, called as a witness in his own behalf, testified that he was working at the time of the accident which is the subject of the present suit and had been working during the

months prior to the accident and during the fall of 1961. He further testified that because of the injuries received in the accident he was unable to work for fourteen or fifteen days. Thereafter a witness, identified with the workmen's compensation office for the fourth congressional district, was called for the purpose of introducing the records referred to above. Without waiting for an objection or for a statement of reasons for the admission or exclusion of the exhibit offered, the court volunteered that the evidence was inadmissible under a number of unstated rules. The defendant then claimed that he proposed to show that on December 21, 1961, only three months before the accident, the plaintiff claimed he was and in the future would be disabled, and that this evidence would tend to show that the plaintiff was not in good physical condition on March 29, 1962, as he had testified. An objection by the plaintiff, giving no reason, was sustained, and the exhibit was excluded and marked for identification.

We have examined the exhibit offered and the testimony of the defendant and are of the opinion that the ruling of the court was erroneous and harmful. "[N]o litigant can be deprived of the right to support his cause by the introduction of evidence tending to prove all facts upon which issue has been joined, provided it is relevant and not excluded by some rule of law. *Moran* v. *New York, N.H. & H.R. Co.,* 107 Conn. 454, 457 . . . ." *Morico* v. *Cox,* supra, 225; *Papa* v. *Youngstrom,* supra. The proffered evidence was relevant, and the question of admissibility on the ground of relevancy was the only one then before the court. In view of the testimony and claims of the plaintiff that he was able to work and suffering from no disability at the time of the accident, the jury had a right to know whether these statements were true. In determining these

material facts, they were not obliged to accept the plaintiff's simple assertions as the sole proof. They should have been allowed the opportunity to test them by his prior contradictory statements and other relevant evidence. The excluded records would have tended to show that from July 16, 1961, the plaintiff had been drawing workmen's compensation for an injury suffered on that date and that, in addition to his compensation, his necessary medical payments had been paid until December 21, 1961. On that date a lump-sum agreement was entered into (General Statutes § 31-302) and executed by the plaintiff, his wife, the employer, and its insurer. It was approved on the same date by the commissioner with the force and effect of an award. In this agreement, the plaintiff claimed "that he is disabled and will be disabled at various and indefinite periods in the future and that he will require additional medical care and treatment and that he is entitled to further benefits of the Workmen's Compensation Act." The parties agreed upon a lump-sum settlement of $3000. Section 31-302 provides, inter alia, that "[i]n any . . . case of commutation, a true equivalence of value shall be maintained, with due discount of sums payable in the future." The evidence offered was admissible to contradict the plaintiff's testimony to the effect that at the time of the injury sued on he was suffering from no other injury or disability, that he had a substantial earning capacity before the date of the injury and that his disability and medical expenses were due solely to the injury sued on. The evidence offered by the defendant "certainly conduced in a reasonable degree to establish the improbability of the fact in issue, and was logically relevant to such fact, and not excluded by any rule or principle of law." *Millner* v. *Elias,* 101 Conn. 280, 288. It should have been admitted.

The burden to prove his damages by a preponderance of proof rested on the plaintiff. Although the argument of counsel has barely touched on the issue of liability, and the assignments of error have indirect reference to that issue only on the motion for a new trial because of errors in the rulings on evidence, we cannot, with justice to the parties, attempt to separate the issues in such a way as to confine a new hearing to one of damages. The verdict was general. What weight the jury gave to the plaintiff's evidence as to loss of earnings—ranging from $630 net to $800 gross—his pain and suffering, and other allowable elements of damage, and what considerations may have moved the jury to a compromise solution because of questioned liability, we shall never know. *Shay* v. *St. Raphael Hospital,* 152 Conn. 604, 608; see *Hawley* v. *Rivolta,* 131 Conn. 540, 542, 543. It has been held that "the issues of liability and damages are usually interwoven and . . . a new trial should be restricted to the issue of damages only where it is probable that no injustice will thereby be done," and that the determination of which course to take rests in the discretion of the appellate tribunal. *Mickel* v. *New England Coal & Coke Co.,* 132 Conn. 671, 681. Our conclusion is that there should be a new trial on all the issues.

Because of the opinion we have expressed, the final assignment of error needs to be discussed only to the extent that may be helpful on a new trial. The plaintiff failed to call his wife as a witness. The court refused to give the charge requested by the defendant, as quoted above, or to incorporate its substance in its instructions to the jury. "When either party has offered evidence which he claims proves a certain set of facts important to the decision of the case and properly requests the court to charge the law applicable to those facts, it is the duty of the court to comply in substance with the

requests." *Tyburszec* v. *Heatter,* 141 Conn. 183, 187; see *Handler* v. *Remington Arms Co.,* 144 Conn. 316, 319, 320; *Giambartolomei* v. *Rocky DeCarlo & Sons, Inc.,* 143 Conn. 468, 475 (dis.). It was not incumbent on the defendant to show that the plaintiff's wife was available to testify. The duty of explaining her failure to testify rested on the plaintiff. *Cascella* v. *Jay James Camera Shop, Inc.,* 147 Conn. 337, 343. It appeared in evidence that the plaintiff and his wife had filed joint income tax returns including the period of time under review and that they lived together with their children. It was fairly inferable from this that the wife was in a peculiarly advantageous position to observe and testify to the plaintiff's disability and earnings and to the effects of his prior disability, and to dissociate his previous ailments from the injuries sued on. It may be observed that the plaintiff disclaimed aggravation of a previously existing injury and rested his case on the claim that the injury sued on was the sole cause of his present condition and had no connection with any prior injury. In the normal course of events, the plaintiff's wife would be called on by the plaintiff, and his failure to call her gave rise to a proper inference that her testimony would have been unfavorable to the plaintiff. *Broderick* v. *Shea,* 143 Conn. 590, 593. "A witness who would naturally be produced by a party is one who is known to that party and who, by reason of . . . [her] relationship to that party or to the issues, or both, could reasonably be expected to have peculiar or superior information material to the case which, if favorable, the party would produce." *Secondino* v. *New Haven Gas Co.,* 147 Conn. 672, 675; see *Ross* v. *Koenig,* 129 Conn. 403, 408; *Kolensky* v. *DeFrancesco,* 102 Conn. 660, 662.

There is no error in the judgment for James Lombardo; there is error only in the judgment for

Joseph Lombardo, that judgment is set aside and a new trial is ordered.

In this opinion JACOBS and CICALA, Js., concurred.