## STATE OF CONNECTICUT *v.* SAMUEL R. BELL

KING, C. J., MURPHY, ALCORN, HOUSE and COTTER, Js.

Argued March 2—decided April 5, 1966

*Donald G. Walsh,* special public defender, for the appellant (defendant).

*David B. Salzman,* assistant state's attorney, with whom, on the brief, were *George R. Tiernan,* state's attorney, and *Richard P. Sperandeo,* assistant state's attorney, for the appellee (state).

KING, C. J.   The defendant was convicted of common-law burglary under General Statutes § 53-68.[1]   That statute does not create or define a crime but merely provides a penalty for the crime of common-law burglary. *Rex* v. *Hanson,* 1 Root 59; 21 Am. Jur. 2d, Criminal Law, § 13.   In this appeal the defendant claims, inter alia, error in the court's charge to the jury as to the definition of "nighttime." Common-law burglary is the breaking and entering of the dwelling house of another in the night season with an intent to commit a felony therein. *State* v. *Ward,* 43 Conn. 489, 493; 2 Swift, Digest, p. 300; 2 Wharton, Criminal Law and Procedure (Anderson Ed.) § 406.   The court charged the jury, in part, as follows: "[N]ighttime is when there is not sufficient daylight left to enable

---

[1] The defendant was not charged with any of the statutory modifications of common-law burglary embraced in General Statutes §§ 53-73, 53-75, or 53-76.

one to discern the features of another. And along with that definition it is said by the Supreme Court that another accepted definition is that it is the time between sunset of one day and daylight of the next day". The defendant adequately excepted to this portion of the charge.

Common-law burglary is an offense against the habitation carried out when the occupants are expected to be asleep and, therefore, not alert to prevent the invasion of their dwelling. 4 Blackstone, Commentaries, p. 224. Therefore, "night season" was defined as that time when there is not enough daylight for one to discern the features of another. *State* v. *Morris,* 47 Conn. 179, 182; 2 Swift, Digest, p. 302; 2 Wharton, op. cit. § 431.

The second definition given by the court was apparently taken from our opinion in *Gibson* v. *Hoppman,* 108 Conn. 401, 406, 143 A. 635. We were there defining the word "night" as used in what is now § 19-346 of the General Statutes, which requires the owners of tenement houses to provide for the lighting of all public halls "at night." What we there said had no application to the definition of night as an element of common-law burglary. The charge was erroneous in defining the night season as the period between sunset and sunrise.

That this error in the charge was harmful is clear. First, it is common knowledge that, immediately after sunset, there is a period of twilight in which visibility, although diminishing, is not overcome by darkness to the extent that the features of another cannot be discerned. A similar period precedes sunrise. Thus, the court's charge led the jury to understand that there were two periods, of different lengths, either of which could be considered to be night, although one of them was inclusive of

the other. The jury could not have been other than confused by these inconsistent and conflicting definitions of this essential element in the crime charged. "A charge should not contain contradictory statements of the law". *Bailey* v. *Bruneau's Truck Service, Inc.,* 149 Conn. 46, 57, 175 A.2d 372; *Pratt, Read & Co.* v. *New York, N.H. & H.R. Co.,* 102 Conn. 735, 740, 130 A. 102.

Second, the materiality of the error is further apparent from the claims of proof, from which it appears that on April 2, 1964, the day of the alleged burglary, the Kellner house, which was in a rural area in Woodbridge, was locked and left temporarily unoccupied at 4:30 p.m. The sun set at 6:17 p.m. At approximately 7:30 p.m., Salvatore DeGennaro, a Woodbridge police sergeant, apprehended the defendant walking along the road with his companion, Louis Vena, about 100 feet from the Kellner house. Vena was afterwards found to have been carrying goods stolen from the Kellner dwelling and a briefcase containing burglars' tools. Later the Kellner residence was found to have been broken into. There is no dispute as to the times set forth above. The state has not claimed to have proven by direct evidence the time at which either the defendant or Vena entered or left the Kellner house but has relied, as is often necessary in burglary cases, upon the inferences which the jury might reasonably have drawn from the foregoing claims of proof as to the time at which entry was made. The time of the entry may be established by circumstantial evidence, the persuasive force of which depends upon all the facts and circumstances. *State* v. *Leaden,* 35 Conn. 515, 516.

In this case, about three hours elapsed between the time the house was left secure and the time the

defendant was apprehended. More than half of that time was before sunset, and there was an additional period of twilight during which a breaking and entering would not have constituted common-law burglary. On the other hand, the jury might fairly consider it unlikely that the defendant and Vena spent more time in the house than was reasonably required to locate and gather the goods later found on Vena and that the two did not loiter in the neighborhood after leaving the house. There had been darkness for nearly an hour prior to the apprehension of the defendant and Vena on the highway. We cannot say as a matter of law that the jury could not have found that the entry occurred at night under either definition thereof given by the trial court. But the charge must be considered from the standpoint of its effect on the jury in guiding them to a proper verdict. *Fasanelli* v. *Terzo,* 150 Conn. 349, 357, 189 A.2d 500. The jury may have inferred that the entry occurred after sundown but within the twilight period. Under the second definition of night in the charge this inference would have led the jury to a verdict of guilty. The giving of that incorrect definition clearly constituted a material and prejudicial error.

The other claims of error pursued in the defendant's brief either were not properly raised or, because of the necessity for a new trial, do not require discussion.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.