LESLIE VELARDI *v.* FRED SELWITZ ET AL.

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued November 8, 1973—decided January 2, 1974

*Peter C. Dorsey,* for the appellant (named defendant).

*William J. Doyle,* for the appellants (defendant Lorraine Anderson et al.).

*Nathan A. Resnick,* for the appellee (plaintiff).

LOISELLE, J. The plaintiff, Leslie Velardi, a minor, brought this action by her father to recover damages for injuries she had suffered when a motor vehicle in which she was a passenger, operated by the defendant Robert J. Rienzi and owned by the defendant Lorraine Anderson, collided with a motor vehicle owned and operated by the defendant Fred Selwitz. The plaintiff alleged negligence on the part of both operators. The jury rendered a verdict for the plaintiff against all the defendants. The defendants moved to set aside the verdict and for a new trial. The motions were denied and judgment was rendered on the verdict. The defendants have appealed from the judgment.

The assignments of error addressed to the charge are dispositive of the appeal. The correctness of the charge is determined by the claims of proof of the parties. Practice Book § 635; *Raia* v. *Topehius,* 165 Conn. 231, 232, 332 A.2d 93; *Busko* v. *DeFilippo,* 162 Conn. 462, 464, 294 A.2d 510. At about 8 p.m. on August 12, 1966, the plaintiff was a passenger in a motor vehicle driven by Rienzi in an easterly direction on Chapel Street, New Haven. The posted speed limit was twenty-five miles per hour. Ellsworth Avenue runs north and south and intersects Chapel Street. A stop sign on the northwest corner of the intersection controls southbound traffic on Ellsworth Avenue. The defendant Selwitz was driving south on Ellsworth Avenue. The two motor vehicles collided in the area common to the eastbound lane of Chapel Street and the southbound

lane of Ellsworth Avenue. At the time in question there was heavy, bumper-to-bumper traffic traveling in a westerly direction on Chapel Street in the vicinity of the intersection. These facts are undisputed by the parties and are sufficient to discuss the issues raised by the appeals.

Rienzi, the defendant whose speed the plaintiff alleged was negligence, assigned error in portions of the charge relating to speed. The primary purpose of the charge to the jury is to assist them in applying the law correctly to the facts which they find to be established. *Vita* v. *McLaughlin,* 158 Conn. 75, 77, 255 A.2d 848; *Worden* v. *Francis,* 153 Conn. 578, 579–80, 219 A.2d 442. The charge must be considered from the standpoint of its effect on the jury in guiding them to a proper verdict. *State* v. *Bell,* 153 Conn. 540, 544, 219 A.2d 218; *Fasanelli* v. *Terzo,* 150 Conn. 349, 357, 189 A.2d 500.

The court first gave the usual instructions concerning the common-law test to determine whether Rienzi's speed was reasonable under all of the circumstances. Thereafter the court discussed the effect of the posted speed limit on Chapel Street without reference to General Statutes § 14-219 (b)[1] and did mention that speed in excess of twenty-five miles per hour "would be prima facie evidence that he was operating in violation of the statutes, because it was posted for 25 miles per hour." The term "prima facie" was discussed and the court then ex-

---

[1] "[General Statutes] Sec. 14-219. SPEEDING. . . . (b) The state traffic commission may determine speed limits which are reasonable and safe on any state highway . . . and may erect or cause to be erected signs indicating such speed limits. . . . Any speed in excess of such limits shall be prima facie evidence that such speed is not reasonable . . . ."

plained that the surrounding circumstances should be taken into consideration in determining whether Rienzi's speed was "unreasonable in common law as I have indicated to you or because it violated the statute." The court continued: "In addition to what I have just given you, which may be referred to as common law negligence, there is also what may be referred to as statutory negligence, and the one that I just gave you with reference to speed is section 14-219 relating to that, and if you find there is a violation of such a statute, then, of course, it would be negligence per se."

Later in the charge the court stated: "In addition to the common law rule governing the conduct of the defendant, and the Legislature has a right to do so, [sic] lay down certain rules regarding the conduct of automobiles and reiterating the statute, the Legislature said that no person shall operate a vehicle on the public highway at a rate of speed which is greater than is reasonable and proper having regard to the width, etc. Now, the rate of speed may have been excessive because it was unreasonable under common law as I have stated to you, or it may be excessive in violation of the provisions of the statute. This requirement does not vary greatly from the common law as to the rules on excessive speed. The rule requires that in order that speed shall be so excessive as to be negligent, it must be unreasonable in view of the considerations which I have mentioned regarding the width, the traffic, the use of the highway and the circumstances then and there existing."

Although the charge did not contain contradictory instructions as such, it was misleading and inexact, and could only have confused the jury in their

consideration of the statute. *State* v. *Bell,* supra, 543; *Bailey* v. *Bruneau's Truck Service, Inc.,* 149 Conn. 46, 57, 175 A.2d 372. The court failed to include all of the elements which § 14-219 (a)[2] of the General Statutes specifies as the necessary factors for determining whether the statutory reasonableness standard has been violated. In a later portion of the charge the court did state all factors but did not give them in conjunction with the statute. Furthermore, while the charge relating to the prima facie evidence portion of § 14-219 (b) was initially correct, the jury were later told that a violation of the statute would be negligence per se.

Although it is true that a violation of the reasonable speed requirement of § 14-219 (a) would be negligence per se, the court's charge could equally be interpreted as referring to a violation of the posted speed limit. The failure of the court to distinguish between the two parts of the statute left the jury with the natural inference that a violation of the posted speed limit would be negligence per se. In reviewing the assignment of error directed to the court's charge, it is apparent that the court did not adequately instruct the jury on the principles of law involved in the allegation which charged excessive speed against Rienzi and Anderson. A new trial is required as to the liability of these defendants.

---

[2] "[General Statutes] Sec. 14-219. SPEEDING. (a) No person shall operate any motor vehicle upon any public highway of the state, or road of any specially chartered municipal association or of any district organized under the provisions of chapter 105 . . . or upon any private road upon which a speed limit has been established in accordance with the provisions of subsection (b) of this section . . . at a rate of speed greater than is reasonable, having regard to the width, traffic and use of the highway, [or] road . . . the intersection of streets and the weather conditions. . . ."

One of the allegations of negligence against the defendant Selwitz was that of failing to stop at the Ellsworth Avenue stop sign before entering the intersection. When the court first charged on § 14-301 (c)[3] relating to stop signs, it correctly instructed the jury. The court explained the duty of an operator to stop at a stop sign and to yield the right-of-way to vehicles which are not required to stop and are within the intersection or approaching so closely as to constitute an immediate hazard, and that thereafter other vehicles should yield the right-of-way to the operator as he enters the intersection. In a later discussion of requests to charge submitted by the parties, however, the court instructed the jury that Selwitz was required to yield the right-of-way to vehicles approaching from his right and it then gave the jury the usual instructions concerning § 14-245.[4] The right-of-way rule of § 14-245 is inapplicable to an intersection controlled by a stop sign and it was error to charge on that statute. *Finkle* v. *Marino,* 151 Conn. 221, 225, 196 A.2d 437. In this instance the error cannot be

[3] "[General Statutes] Sec. 14-301. THROUGH WAYS. STOP SIGNS. . . . (c) The driver of a vehicle shall stop in obedience to a stop sign at such clearly marked stop line or lines as may be established by the traffic authority having jurisdiction or, in the absence of such line or lines, shall stop in obedience to a stop sign at the entrance to a through highway and shall yield the right of way to vehicles not so obliged to stop which are within the intersection or approaching so closely as to constitute an immediate hazard, but such driver, having so yielded, may proceed and the drivers of all other vehicles approaching the intersection shall yield the right of way to the vehicle so proceeding." (Later amended by Public Acts 1971, No. 144, which deleted from "but such driver" to end.)

[4] "[General Statutes] Sec. 14-245. RIGHT OF WAY. Each driver.of a vehicle approaching an intersection shall grant the right of way at such intersection to any vehicle approaching from his right when such vehicles are arriving at such intersection at approximately the same time, unless otherwise directed by a traffic officer."

deemed to be harmless as the instruction was specific, it was the last instruction in the discussion of liability and it was contradictory. *State* v. *Bell,* 153 Conn. 540, 543, 219 A.2d 218.

The record does not reveal who requested the court to charge on § 14-245. In the exception to this charge taken by the defendant Selwitz, however, it is clearly stated that he did not make the request. Generally, an erroneous charge induced by one party's request to charge does not entitle that party to a retrial. *State* v. *Cobbs,* 164 Conn. 402, 424, 324 A.2d 234; see *Guglielmo* v. *Klausner Supply Co.,* 158 Conn. 308, 317, 259 A.2d 608. Here, if the error was induced by a request to charge, it was not a request filed by Selwitz, and thus is not a bar to his assignment of error or to granting him a new trial.

The plaintiff claims that the effect of alleging common-law negligence and statutory negligence was to plead two distinct causes of action against each defendant. She further argues that there is no basis for a new trial even if error is found in the charges on statutory negligence as to each of the defendant operators since there is no claim that the court erred in charging on the allegations of common-law negligence and since the verdict was general and without any interrogatories to the jury. The plaintiff's argument is completely answered by *Ziman* v. *Whitley,* 110 Conn. 108, 112–17, 147 A. 370. There may be different grounds of action or defense which are distinct in the essential basis of the right relied upon; for example, compare strict liability and negligence. A party may also assert different specifications of fact in support of one essential right. An example of this last category is presented

by the present case where the plaintiff attempted to recover on the basis of negligence by alleging both statutory and common-law grounds.

Originally the rules of pleading required that each separate ground be stated in a separate count of the complaint. Within this framework arose the rule of *Wolcott* v. *Coleman,* 2 Conn. 324, 337, which stated that if any of the counts of a case proved good, it would be presumed that the damages were assessed as to that count and a verdict for the plaintiff would be sustained. The remedy for the prospective appellant in this situation was to request separate verdicts as to each count. Later, when grounds such as strict liability and negligence were allowed to be pleaded in the same count, the rule continued, with the change that the prospective appellant could send interrogatories to the jury to clarify the grounds upon which a general verdict rested. This rule was originally extended to cases involving different specifications of facts in support of one essential right. *Wladyka* v. *Waterbury,* 98 Conn. 305, 119 A. 149. In *Ziman,* however, the court withdrew this type of case from the application of the *Wolcott* rule. "Where . . . different specifications of fact are alleged in support of one essential right, *as where various grounds of negligence are alleged as a basis for a recovery* for injuries resulting from a particular accident, it is the sounder policy to permit an appellant to take advantage upon appeal of errors affecting one specification of negligence only, even though no interrogatories have been submitted." (Emphasis added.) *Ziman* v. *Whitley,* supra, 116. The court left the rule unchanged as to cases where "reliance is placed upon grounds of action or defense which are distinct, not because they involve specific sets of facts forming

a part of the transaction but in the essential basis of the right relied upon." *Ziman* v. *Whitley,* supra, 115; see, e.g., *Ross* v. *Koenig,* 129 Conn. 403, 28 A.2d 875.[5]

It is clear that this case merely involves various grounds for negligence alleged in a single count. Under a proper application of the rule in *Ziman,* the present case must be retried.

As the discussed errors in the charge require a new trial as to all the defendants, the remaining assignments of error need not be considered.

None of the defendants in his assignment of errors or in his respective brief made any comments on the damages awarded to the plaintiff. Consequently no error as to the issue of damages need be considered on remand to the Court of Common Pleas.

There is error in part, the judgment is affirmed except on the issue of liability as to each defendant and a new trial is ordered limited to that issue as to each defendant.

In this opinion the other judges concurred.

---

[5] In *Ross* v. *Koenig,* 129 Conn. 403, 405, 28 A.2d 875, in separate counts the plaintiff pleaded statutory negligence and that "the alterations were made in such manner and of such highly combustible materials as to constitute danger of fire and create an imminently and inherently dangerous condition." The court also called the latter count negligence but the allegation is phrased in the language of nuisance.