[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO SET ASIDE VERDICT
This motion arises out of an action brought by the plaintiff to recover damages for personal injuries received by the plaintiff in a motor vehicle accident with the defendant due to the defendant's alleged negligence. The defendant denied the allegations of negligence and specially pleaded comparative negligence. The jury returned a verdict for the defendant.
Within the time prescribed by the rules, the plaintiff filed a motion to set aside the verdict pursuant to Practice Book 320 "because it is contrary to law." Thirty-two days later, before oral argument on the motion, the plaintiff filed a "Supplemental Motion To Set Aside Verdict" specifying as grounds, (1) that the court allowed a continuance at the defendant's request without requiring the defendant to file an affidavit in accordance with Practice Book 280; (2) that the court was in error in not taking judicial notice of the speed limit on the street on which the defendant was traveling offered during the defendant's case-in-chief.
The court is of the opinion that the plaintiff's motion to set aside the verdict must be denied for the following reasons:
I. The court acted within its discretion in allowing a continuance to the defendant because of the defendant's illness without requiring an affidavit concerning the facts which may have been proved by him in accordance with Practice Book 280.
This section provides in pertinent part:
 Whenever a motion is made for the postponement or continuance of a case assigned for trial on account of the absence of a material witness, such CT Page 76 motion, if the adverse party or the court requires it, shall be supported by an affidavit stating the name of the absent witness, if known, and the particular facts which, it is believed, may be proved by him, with the grounds of such belief. The court may refuse to continue such cause if there is no good reason why the party making the request did not make proper preparation to have the witness present or if the adverse party will admit that the absent witness would if present, testify to the facts stated in the affidavit, and will agree that the same shall be received as evidence on the trial, in like manner as if the witness were present and had testified thereto . . .
This court has concluded that this section applies only to non-parties. Firstly, our Practice Book consistently differentiates between parties and witnesses, referring to each separately and distinctly. See, e.g., Index — "Parties," "Witnesses," 243, 417.
Secondly, the strict literal reading of this section must be considered in light of the fundamental right of a party to be present at his trial. Our appellate court has recognized this right in Rozbicki v. Huybrechts, 22 Conn. App. 131, 134 (1990), wherein it adopted the reasoning expressed by the United States Supreme Court in Hoyt v. Utah, 110 U.S. 574, 4 S.Ct. 202,28 L.Ed 262 (1884). See also, Boone v. United States,483 A.2d 1135, 1137 (P.C. 1984) and Anderson v. Snyder, 91 Conn. 404
(1917). Adoption of this reasoning would clearly exculpate "parties" from the definition of witnesses under P.B. 280.
This court agrees with the defendant that the plaintiff's reliance on Allen v. Chase, 81 Conn. 474, 478 (1908) is misplaced. Inasmuch as an affidavit was voluntarily filed in that case, the court never considered whether such affidavit was mandatory.
The courts traditionally have the discretion to continue cases where illness of a party is involved. The court must balance the right of a party to be present against other alternatives and the possible prejudice involved; see annot, "Continuance of Civil Case Because of Illness or Death of Party," 68 A.L.R.2d 470-532.
In this case, the court took testimony from the defendant's physician concerning the seriousness of the defendant's illness and the delay in the defendant's ability to testify. Despite heart bypass surgery, the defendant was able to give his testimony by way of video tape deposition within seventeen days CT Page 77 of the granting of the continuance.
This court was of the opinion then, as it is now, that under these circumstances the granting of the continuance was proper and fair to both parties. This was especially true in view of the fact that the court individually questioned each juror and alternate and was advised that it would not be a hardship on any of them to return for the balance of the trial after the taking of the defendant's deposition. The court was well within its authority to grant the continuance. Ridgeway v. Ridgeway, 180 Conn. 533, 538 (1980).
II. The court was legally correct and within its discretion in refusing to take judicial notice of the speed limit on Mountford Street in Hartford (where the defendant was traveling prior to his collision with the plaintiff) when it was offered during the during the defendant's case-in-chief as part of a request to charge.
The defendant first offered the speed limit as part of his request to have the court charge the jury that the defendant was negligent per se. The defendant acknowledged that the purpose of the offer was pursuant to a claim of negligence per se. See Tr. 10-30-91, pp 6 (bottom) — 7. When the court pointed out to the plaintiff's attorney that he hadn't pled negligence per se, he sought to amend the complaint and then offered it as evidence (of the presumption) of unreasonable speed. The court then held that it was improper for the plaintiff to offer this evidence pursuant to a request to charge during the defendant's case-in-chief. At no time thereafter did the plaintiff seek to introduce this evidence through rebuttal or through a witness.
The court also felt that the evidence of speed claimed by the plaintiff was speculative in nature. (See Tr. 10-30-91 p. 5). As such it was improper to allow an amendment at the time requested by the plaintiff.
Certainly, the theory of unreasonable speed pled by the plaintiff was thoroughly charged to the jury. The court was not obliged to charge under negligence per se when it was never pled. Velardi v. Selwitz, 165 Conn. 635 (1974). See also Rapuano v. Odes, 181 Conn. 5115, 519 (1980).
In addition, as noted above, the plaintiff's motion to set aside did not specify the grounds on which counsel relies in accordance with the provisions of Practice Book 320, General Statutes 52-228b, and should be denied on this basis also. Falby v. Zarembski, 221 Conn. 14, 22 (1992), Finley v. Aetna Life Casualty, 202 Conn. 190, 195 (1987); (see also 5 Conn. App. 394,397 (1985); Pietrorazio v. Santopietro, CT Page 78185 Conn. 510, 512-516 (1981).
FREED, J.